Raymond Eugene BROD, Relator,

v.

Honorable Andrew Z. BAKER,
Judge, Respondent.

No. B–8777.

Supreme Court of Texas.

Dec. 19, 1979.

Simpson & Burwell, Inc., M. Bruce Fort,
Texas City, for relator.

Jean E. Hosey, Galveston, for respondent.

McGEE, Justice.

This is an original mandamus proceeding
in which relator, Raymond Eugene Brod,
seeks an order directing the Honorable An-
drew Z. Baker to transfer a petition to
modify an order appointing him managing
conservator of his two minor daughters.
The petition to modify was filed by Beverly
June Howell, formerly Beverly June Brod,
who is the mother and possessory conserva-
tor of the two girls.

Raymond and Beverly Brod were divorc-
ed in 1972. Custody of their two daughters
was originally granted to Beverly Brod,
now Howell, but that order was modified by
an order of June 18, 1976 in which Brod was
made managing conservator. The girls
have resided with their father in Waco,
McLennan County, since June of 1976. On
July 19, 1979, during a visitation period,
Howell filed a petition to modify the June
1976 order. This petition was filed in the
Family District Court of Galveston County,
306th Judicial District, the court of continu-
ing jurisdiction. Howell alleged a change
of circumstances, that retention of the chil-
dren by Brod was injurious to their welfare,
and that her appointment as managing con-
servator would be an improvement for the
children.

Brod filed a writ of habeas corpus seek-
ing to regain possession of the children. In
response to Howell's petition to modify con-
servatorship, Brod filed a motion to trans-
fer the proceedings to McLennan County.
After a hearing, the judge, Andrew Z. Bak-
er, denied the writ of habeas corpus and
appointed Howell as "temporary conserva-
tor" pending the hearing on Howell's mo-
tion to modify conservatorship. That ac-
tion is not challenged here. With respect to
the petition to modify, Judge Baker denied
Brod's motion to transfer.

Venue in suits affecting the parent-child
relationship is governed by section 11.04 of
the Family Code. That section provides in
pertinent part:

"§ 11.04. Venue.

"(a) Except as otherwise provided in
this subtitle, a suit affecting the parent-
child relationship shall be brought in the
county where the child resides.

.    .    .    .    .

"(c) A child resides in the county
where his parents (or parent if only one
parent is living) reside, except that:

"(1) if a managing conservator has been appointed by court order or designated in an affidavit of relinquishment, or if a custodian for the child has been appointed by order of a court before January 1, 1974, the child resides in the county where the managing conservator or custodian resides; . . ."

Tex.Family Code Ann. § 11.04 (Vernon 1975 & Supp.1979). Transfer of proceedings to the county in which venue is proper is addressed in article 11.06 of the Code, which provides in part:

"§ 11.06. Transfer of Proceedings.

.   .   .   .   .

"(b) If a petition or a motion to modify a decree is filed in a court having continuing jurisdiction of the suit, the court, on the timely motion of any party, and on a showing that venue is proper in another county or that a suit for dissolution of marriage has been filed in another court, shall transfer the proceeding to the county where venue is proper or to the court where the suit for dissolution of the marriage is pending. However, if the basis of the motion is that the child resides in another county, the court may deny the motion if it is shown that the child has not resided in that county for at least six months. In computing the period of time during which the child has resided in that county, the court shall not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the said six-months period."

Tex.Family Code Ann. § 11.06 (Vernon 1975 & Supp.1979).

In *Cassidy v. Fuller*, 568 S.W.2d 845 (Tex. 1978) this court held that "Section 11.06(b) is mandatory in its provision that '. . . the court, on the timely motion of any party, and on a showing that venue is proper in another county . . . shall trans-

fer the proceeding to the county where venue is proper . . ..'" *Id.* at 847. We hold that *Cassidy v. Fuller* is controlling here. At the time of the motion to transfer, Brod was managing conservator of the girls. Howell concedes that the girls have resided with Brod continuously since June 1976. Venue was proper in McLennan County and it was the mandatory duty of Judge Baker to transfer the proceedings to McLennan County. This duty obtains regardless of the temporary order deemed appropriate by Judge Baker in the habeas corpus proceeding.[1] The question of a permanent modification in managing conservatorship is properly triable in McLennan County.

It is expected that Judge Baker will transfer the conservatorship proceedings in accordance with this opinion; the writ of mandamus will issue only in the event he does not do so.

---

1. The validity of the temporary order issued in the habeas corpus proceeding is not before us. Section 14.10(c) of the Family Code authorizes the court to issue temporary orders if there is a "serious immediate question" concerning the child's welfare, Tex.Fam.Code Ann. § 14.10(c) (Vernon 1979). We note that the habeas cor-

pus order did not purport to modify the managing conservatorship order of June 1976, and thus did not contravene the policy against using habeas corpus as a "vehicle to relitigate custody." *See Trader v. Dear*, 565 S.W.2d 233 (Tex.1978); *Strobel v. Thurman*, 565 S.W.2d 238 (Tex.1978).