Graciela Vequera Jimenez ARIAS,
Relator,

v.

Hon. Rose SPECTOR, Judge,
Respondent.

No. C–735.

Supreme Court of Texas.

Nov. 4, 1981.

Rudd & Smith, William Lee Campbell, Grand Prairie, for relator.

Gilbert Jiminez, San Antonio, for respondent.

PER CURIAM.

This is an original mandamus action in which Relator, Graciela Vequera Jimenez Arias (Arias) seeks an order directing Honorable Rose Spector to transfer continuing jurisdiction over the suit involving the custody of two minor children. The writ is conditionally granted.

Arias was granted a divorce from her husband, Gilbert Jimenez, by the presiding judge of the 37th District Court of Bexar County on January 17, 1981. Arias was named managing conservator of her two children. On April 28, 1981, she filed a Motion to Modify and an ancillary Motion to Transfer the case to a district court in Dallas County. In the Motion to Transfer, Arias alleged that she and the children had maintained their residence in Dallas County for more than six months, prior to the filing of the Motion. Judge Spector, in the recital portion of the Court's Order, made the following findings of fact:

1. The children reside in Dallas County.
2. The wife, the managing conservator of the children, resides in Dallas County with the children.

3. The wife and children had resided in Dallas County for more than six months prior to the filing of the Motion to Modify.

Judge Spector then overruled the motion to transfer jurisdiction.

Tex. Family Code Ann. § 11.06(b) provides that on a timely motion of any party, and on a showing that venue is proper in another county, the court shall transfer the proceeding to the county where venue is proper. That section further provides an exception where the child has not resided in the other county for six months. This Court has construed the above language to be mandatory. *Cassidy v. Fuller*, 568 S.W.2d 845 (Tex.1978); *Brod v. Baker*, 591 S.W.2d 457 (Tex.1979); and *Briens v. McIlhaney*, 596 S.W.2d 519 (Tex.1980).

Respondent states that although she made the fact findings set out above, the hearing was not reported, therefore, there is no record to support the fact findings or the Motion to Transfer. She thus contends there is a conflict between the recitals in the Order and the record itself; therefore, the record controls in a direct attack upon the Order.

There being no record, there can be no conflict between the record and the fact findings as recited in the judgment.

Judge Spector's Order is in direct conflict with the holdings in *Cassidy, supra, Brod, supra,* and *Briens, supra,* and without requiring briefs or oral argument, pursuant to Tex.R.Civ.Pro. 483, we grant the Writ of Mandamus. If Respondent fails to transfer this case to Dallas County, the writ will be issued.