Joyce SEAY and Gene Seay, Relators,

v.

Honorable Harold VALDERAS, Judge, Respondent.

No. C–1740.

Supreme Court of Texas.

Dec. 31, 1982.

Sudderth, Woodley & Dudley, Ben Sudderth, Comanche, for relators.

David Courtade, Vaughn Bailey, Fort Worth, for respondent.

PER CURIAM.

This is an original proceeding in which Relators Joyce and Gene Seay seek a writ mandamus compelling the Honorable Harold Valderas, Judge of the 233rd Judicial District Court of Tarrant County, to vacate his order rendered on November 15, 1982. Relators also seek a writ of prohibition prohibiting Judge Valderas from exercising any further jurisdiction over the suit affecting the parent-child relationship. We conditionally grant the writs.

---

1. This Court has entered an order staying this hearing until final disposition of the petition for writs of mandamus and prohibition.

2. A child's residence for venue purposes is determined under § 11.04 of the Family Code. Section 11.04(c)(4) provides in pertinent part:

Ginger and David Higbee were divorced by order of the 233rd Judicial District Court on April 22, 1980. Ginger was named managing conservator of the child of the marriage. David was named possessory conservator of the child and was ordered to make monthly child support payments.

In November, 1981, David filed suit in the 233rd District Court to modify the order in the suit affecting the parent-child relationship. The maternal grandparents of the Higbee child, Joyce and Gene Seay, intervened in the suit. Joyce and Gene alleged they would be affected by the order sought to be modified. It is undisputed the Higbee child has been in the care, custody, and control of the Seays in Comanche County since October, 1980. The Seays also filed a motion to transfer the suit to Comanche County, the county of their residence and the county wherein the Hibgee child has resided for at least six months. On August 24, 1982, Judge Valderas rendered an order transferring the case to Comanche County.

Almost three months later, on November 15, 1982, Judge Valderas rendered an order vacating his order of August 24, 1982. Judge Valderas ordered the clerk of the court in Comanche County to immediately return to Tarrant County the complete files in the case. Judge Valderas set the Seay's motion to transfer for hearing on December 6, 1982.[1]

Tex.Fam.Code Ann. § 11.06(b) provides that on a timely motion of any party, and a showing that venue is proper in another county,[2] the court shall transfer the proceeding to the county where venue is proper. Section 11.06(b) reads in pertinent part: "If the child resided in another county for six months or longer, the court *shall* transfer the proceeding to that county." This Court has held this section is mandatory.

(4) if the child is under the care and control of an adult other than a parent and ... (C) the person whose residence determines the residence of the child under this section has left the child under the care and control of the adult, the child resides where the adult having care and control of the child resides.

*See Arias v. Spector,* 623 S.W.2d 312 (Tex. 1981); *Brod v. Baker,* 591 S.W.2d 457 (Tex. 1979); *Cassidy v. Fuller,* 568 S.W.2d 845 (Tex.1978).

■ Once a court has transferred a case it looses jurisdiction of the child. Section 11.06(k) provides:

> (k) A court to which a transfer is made becomes the court of continuing jurisdiction, and all proceedings in the suit are continued as if it were brought there originally. All judgments, decrees, and orders transferred shall have the same effect and be enforced as if originally entered in the transferee court. The transferee court shall enforce judgments, decrees, and orders of the transferring court by contempt or by any other means by which the transferring court could have enforced them. The transferee court shall specifically have the power to punish disobedience of the transferring court's judgments, decrees, and orders, whether occurring before or after the transfer, by contempt. *After transfer, the transferring court does not retain jurisdiction of the child who is the subject of the transfer.* (emphasis added).

Although a transfer order is an interlocutory order, it is final as to the transferring judge once the judge loses plenary power over the order. *See* Tex.R.Civ.Pro. 329b(d).

■ Notwithstanding the propriety of the transfer order entered August 24, 1982, Judge Valderas had no authority to exercise control over the suit affecting the parent-child relationship on November 15, 1982.

Without hearing oral argument we conditionally grant the writs of mandamus and prohibition against the district judge. Tex. R.Civ.Pro. 483. The writs will issue only if Judge Valderas fails to comply with this opinion.