**Francisca HERNANDEZ, Appellant,**

v.

**Rene Soto VALLS, Appellee.**

**No. 16913.**

Court of Appeals of Texas,
San Antonio.

June 29, 1983.

OPINION

TIJERINA, Justice.

This is a child custody case. The trial court entered an order modifying a prior court order and appointed appellee managing conservator of two minor children, the subjects of this lawsuit. Appellant is the maternal grandmother of the two minor children, and appellee is their natural father. The parents of the children were divorced in Webb County, Texas, on January 12, 1981. By the terms of the divorce decree Rachel Valls, mother of the children, was appointed managing conservator and appellee was appointed possessory conservator. Rachel, the mother and managing conservator, died on February 15, 1981. Appellant filed a suit affecting the parent-child

relationship on March 23, 1981, seeking appointment as managing conservator. At the same time appellant filed a motion to transfer the suit to Hidalgo County, Texas. Appellee filed a motion to modify the divorce decree on April 14, 1981, alleging that he should be appointed managing conservator. The trial court entered an order modifying the previous order on July 2, 1981, and appointed appellee as the managing conservator of the children. Appellant filed a motion requesting the trial court to set a supersedeas bond and suspend the judgment of July 2, 1981, pending appeal and the trial court denied the motion. This Court, upon application of appellant, set the supersedeas bond and issued an order suspending the trial court's judgment pending appeal.

Appellant's first point of error complains that the trial court erroneously denied her motion to transfer the pending lawsuit to the county where the children reside. The motion to transfer the proceedings alleges that the children have resided in Hidalgo County, Texas, since 1976. The motion further states,

> [T]he children have resided in Hidalgo County for more than six (6) months prior to the filing of the actions filed herein, and the filing of this Motion. Therefore, a transfer of these actions, pursuant to Section 11.06(b) of the Texas Family Code, is required.

The trial court's order denying the motion to transfer found that the children had resided in Hidalgo County for more than six months, but denied the requested transfer, stating:

> it being the opinion of the Court that this six (6) month residency can only begin to run from the time of the entry of its previous order and is not based on the actual presence of the child in Hidalgo County.

Venue in suits affecting the parent-child relationship is addressed in section 11.04 of the Family Code. That section provides that venue in such suits is proper in the county where the child resides. The statute further provides in pertinent part:

(c) A child resides in the county where his parents (or parent if only one parent is living) reside, except that:

(1) if a managing conservator has been appointed by court order or designated in an affidavit of relinquishment, or if a custodian for the child has been appointed by order of a court before January 1, 1974, the child resides in the county where the managing conservator or custodian resides;

\*    \*    \*    \*    \*    \*

(4) if the child is under the care and control of an adult other than a parent and (A) neither a managing conservator nor a guardian of the person has been appointed or (B) the whereabouts of the managing conservator or the guardian of the person is unknown or (C) the person whose residence determines the residence of the child under this section has left the child under the care and control of the adult, the child resides where the adult having care and control of the child resides; ...

Tex.Fam.Code Ann. § 11.04 (Vernon Supp. 1982–1983). Transfer of proceedings to the county of proper venue is governed by section 11.06 of the Code. At the time of the hearing on appellant's motion to transfer, section 11.06(b) of the Code provided the following:

> If a petition or a motion to modify a decree is filed in a court having continuing jurisdiction of the suit, the court, on the timely motion of any party, and on a showing that venue is proper in another county or that a suit for dissolution of marriage has been filed in another court, shall transfer the proceeding to the county where venue is proper or to the court where the suit for dissolution of the marriage is pending. However, if the basis of the motion is that the child resides in another county, the court may deny the motion if it is shown that the child has not resided in that county for at least six months. In computing the period of time during which the child has resided in that county, the court shall not require that the period of residence be continuous and

uninterrupted but shall look to the child's principal residence during the said six-months period.

Tex.Fam.Code Ann. § 11.06(b) (Vernon 1979).[1] The Texas Supreme Court has held that these statutory provisions are mandatory; that is, on the timely motion of a party, and on a showing that venue lies in another county, the trial court must transfer the suit to the county where venue is proper. *Cassidy v. Fuller,* 568 S.W.2d 845, 847 (Tex.1978). In *Brines v. McIlhaney,* 596 S.W.2d 519, 521 (Tex.1980), the Supreme Court interpreted the mandatory venue and transfer provisions, stating:

> If a managing conservator has been appointed by court order, then the child is deemed to reside in the county where the managing conservator resides. The court may deny the motion to transfer if it is shown that the child has not resided in the transferee county for at least six months. The Family Code does not specify the dates which establish the six-month residency period, but once residence is established, the transfer is mandatory.

We hold that *Cassidy v. Fuller* and *Brines v. McIlhaney, supra,* are controlling. At the time the motion to transfer was filed the children had lived in Hidalgo County for more than six months with Rachel Valls, the appointed manager conservator. Following Vall's death the children continued to live in Hidalgo County under the care and control of appellant. Once the trial court found that the children had resided in Hidalgo County for more than six months prior to the filing of appellant's suit, the court was under a duty to grant the requested transfer to Hidalgo County. *See Brod v. Baker,* 591 S.W.2d 457, 458 (Tex. 1979). Our holding is strengthened by the fact that the venue provisions of the Code recognize that current circumstances affecting the children may usually best be shown in the county where the children reside. *See Cassidy v. Fuller, supra* at 847. This is particularly true in the case at bar because the children have lived in Hidalgo County with appellant since 1976. We conclude that the trial court erroneously denied the motion to transfer this cause to the county where the children have resided for more than six months. Appellant's first point of error is sustained.

Appellant's remaining assignments of error concern the adequacy of the notice of the hearing on appellee's motion to modify and the trial court's failure to receive evidence at the hearing. Since our holding on appellant's first point of error requires a transfer to Hidalgo County and a new trial in that county, we need not address these alleged errors which are unlikely to occur at a new trial.

The judgment of the trial court is reversed and the cause remanded.

CANTU, Justice, dissenting.

I do not believe that the proof in this case on the question of transfer under Tex.Fam. Code § 11.06 (Vernon 1979) mandates a nondiscretionary transfer.

Appellee and Rachel Valls were divorced in Webb County on January 12, 1981 and Rachel was appointed managing conserva-

---

1. This section of the Family Code was amended effective September 1, 1981. Section 11.06(b) now provides as follows:

   If a petition for further action concerning the child or a motion to modify or enforce a decree is filed in a court having continuing jurisdiction of the suit, on the timely motion of any party, the court shall transfer the proceeding to the county where venue is proper on the basis of either a supporting uncontroverted affidavit or after a hearing when a controverting affidavit contesting the venue has been filed. If the basis of the motion is that the child resides in another county, the court may deny the motion if it is shown that the child has resided in that county for less than six months at the time the proceeding is commenced. If the child resided in another county for six months or longer, the court shall transfer the proceeding to that county. In computing the period of time during which the child has resided in that county, the court shall not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the said six-months period.

   Tex.Fam.Code Ann. § 11.06(b) (Vernon Supp. 1982–1983).

tor of the couple's two minor children while appellee, the natural father, was appointed possessory conservator. At the time of the divorce, Rachel and the children claimed Mercedes, Texas, as their residence.

Rachel died barely a month later on February 15, 1981. Appellant, the maternal grandmother, filed a petition on March 23, 1981 seeking appointment as the managing conservator. A motion to transfer the proceedings accompanied the motion to modify. Appellee filed his motion to modify the prior decree and sought appointment as managing conservator on April 14, 1981. Appellant's motion to transfer proceedings was heard and overruled by the trial court on April 9, 1981. The order was entered on May 15, 1981 and it recites:

> It further appearing to the court that the child has resided in Hidalgo County, Texas for more than six (6) months, but, it being the opinion of the court that this six (6) month residency can only begin to run from the time of the entry of its previous order and is not based on the actual presence of the child in Hidalgo County; ...

Thereafter, on June 15, 1981, a hearing was had on both pending motions to modify and the trial court appointed appellee as managing conservator of the children and appointed appellant as possessory conservator with reasonable visitation rights. On July 23, 1981, appellee applied for and secured a writ of habeas corpus for the return of the children. The record is silent as to the effect of such writ on the question of immediate possession since a return evidencing its execution does not appear in the record. A five page document purporting to represent the transcription of testimony at the hearings on the motion to transfer and motions to modify accompanies the appellate record. It does not contain any testimony or reflect that any evidence was presented to the court on any of the motions.

As I see it, the sole question before this court is whether appellant may rely upon that period of time preceding the entry of a divorce decree and the creation of a managing conservatorship in favor of the deceased mother to satisfy the requirements of Tex. Fam.Code § 11.06(b) (Vernon 1979). Section 11.06(b) prior to amendment effective September 1, 1981 provided in part:

> If a petition or a motion to modify a decree is filed in a court having continuing jurisdiction of the suit, the court, on the timely motion of any party, and on a showing that venue is proper in another county or that a suit for dissolution of marriage has been filed in another court, shall transfer the proceedings to the county where venue is proper or to the court where the suit for dissolution of the marriage is pending. However, if the basis of the motion is that the child resides in another county, the court may deny the motion if it is shown that the child has not resided in that county for at least six months. In computing the period of time during which the child has resided in that county, the court shall not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the six-months period.

Appellant's motion to transfer alleges that "the children have resided in Hidalgo County for more than six (6) months prior to the filing of the actions filed herein, and the filing of this motion." The motion further alleges that the children have resided in Hidalgo County since 1976 when Rachel Valls allegedly separated from appellee. Prior to January 12, 1981, there was no appointed managing conservator. Either parent, therefore, had the rights, privileges, duties and powers of a parent enumerated in the Texas Family Code, especially the right to have physical possession of the child and to establish its legal domicile. Tex.Fam.Code § 12.04(1) (Vernon 1975). By virtue of the divorce decree entered on January 12, 1981, the relationship of managing conservator was created in favor of Rachel Valls. See Tex.Fam.Code § 14.01 (Vernon 1975).

Pursuant to Tex.Fam.Code § 14.02, *supra,* Rachel Valls, as court-appointed managing conservator, retained all the rights, privileges, duties and powers of a parent to

the exclusion of appellee subject to his rights, privileges, duties and powers conferred upon him as a possessory conservator. Rachel Valls, therefore, became vested with the right to establish the legal domicile of the minor children to the exclusion of appellee's wishes on January 12, 1981. Upon her death the relationship of managing conservator ceased to exist and appellant could file a motion to modify the conservatorship only if she was a "party affected by the order or the portion of the decree to be modified." Tex.Fam.Code § 14.08 (Vernon 1975). I seriously question appellant's standing to file a motion seeking modification of the prior order. Tex.Fam. Code § 14.08(a) (Vernon 1975); Tex.Fam. Code § 11.09(a) (Vernon 1975). Appellant clearly could not establish the children's legal domicile without a court created status. *See* Tex.Fam.Code § 11.04 (Vernon 1975).

The majority opinion is not troubled by the fact that at the time the motion to transfer was heard and overruled the minor children had been under a managing conservatorship for barely one month and had established legal domicile through her for considerably less than the required six months. In fact, at the time of the hearing on the motion, the minor children had resided in Hidalgo County for less than three months following the entry of the order granting Rachel Valls managing conservatorship.

Under the reasoning of the majority it is conceivable that a court of continuing jurisdiction can always be divested of jurisdiction and forced to transfer a modification action under a mandatory duty simply because the prior managing conservator before his appointment has managed to move to a different county pending a divorce for

a period in excess of six months. The Legislature could not have intended such a result.[1]

In the instant case there was no showing that venue existed in Hidalgo County and, therefore, there was no mandatory duty upon the trial court to transfer the matter from Webb County.[2] I would hold that appellant did not meet her burden of proof necessary to deprive the trial court of its exercise of discretion and that abuse of that discretion is not evident. I would affirm the judgment of the trial court.

1. I can envision a situation where the managing conservator dies one day after the appointment following the entry of a divorce decree. If through some chance the managing conservator managed to remove herself and the minor children to another county during the pendency of the divorce but for at least six months, under the majority reasoning the trial court is bound to transfer the matter to the county where the minor children resided during the pendency of the divorce even though conservatorship existed for a single day.

2. For method of proving mandatory transfer see Koons, *Jurisdiction, Venue and transfers in suits affecting the parent-child relationship (where all parties reside in Texas),* 9 Tex.Tech. L.Rev. 243, 264 (1977–78).