**Stephanie Ann SOKOLOSKY, Relator,**

v.

**The Honorable John R. McFALL, Respondent.**

**No. 97–88–0031–CV.**

Court of Appeals of Texas, Amarillo.

May 4, 1988.
Rehearing Denied June 6, 1988.

---

Robert H. Westerburg, McCorkle & Westerburg, P.C., Dallas, for relator.

John McClendon, Lubbock, for respondent.

Before REYNOLDS, C.J., and
COUNTISS and BOYD, JJ.

## ON PETITION FOR WRIT OF MANDAMUS

COUNTISS, Justice.

This is an original mandamus proceeding, by which Relator Stephanie Ann Sokolosky seeks an order compelling Respondent Judge John R. McFall to transfer a suit affecting the parent-child relationship to the county of the children's residence. We conditionally grant the writ.

The real parties in interest, Relator Sokolosky and Jeremy Charles Wicker, were divorced in Lubbock County in January of 1983. The decree appointed Sokolosky managing conservator of the couple's two daughters, appointed Wicker possessory conservator, ordered Wicker to pay child support, and outlined various other duties and responsibilities of the conservators.

On December 28, 1987, Sokolosky filed a motion to modify the decree, seeking an

increase in child support for one of the daughters. She also filed a motion to transfer, alleging in the motion, and swearing in an accompanying affidavit, that the child had resided in Dallas County for six months prior to the filing of the motion to transfer. Wicker did not controvert the affidavit establishing his daughter's Dallas County residence, although he did ask the trial court to strike the motion because the affidavit was improper and the motion to modify was not pled correctly.

On February 11, 1988, Sokolosky's counsel wrote to Judge McFall, cited to him the pertinent provisions of section 11.06 of the Family Code, and asked him to transfer the case to Dallas County without a hearing. Judge McFall filed the request, and an accompanying order, but took no action on it. We conclude that he should have granted the request.

Section 11.06 of the Family Code outlines the law that is determinative in this case. As pertinent here, the section states:

> (b) If a petition for further action concerning the child or a motion to modify or enforce a decree is filed in a court having continuing jurisdiction of the suit, on the timely motion of any party, the court shall transfer the proceeding to the county where venue is proper on the basis of either a supporting uncontroverted affidavit or after a hearing when a controverting affidavit contesting the venue has been filed.... If the child resided in another county for six months or longer, the court shall transfer the proceeding to that county....

> \* \* \* \* \* \*

> (f) A motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed.... If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall be transferred promptly *without a hearing* to the proper court. (Emphasis Added.)

Numerous Supreme Court decisions construing section 11.06 and its predecessors leave no room for doubt about its meaning. The statute indicates that transfer is automatic and mandatory, without a hearing, if the movant's uncontroverted affidavit establishes the requisite six month residency elsewhere. The Supreme Court says that is exactly what the statute means. *Proffer v. Yates,* 734 S.W.2d 671 (Tex.1987); *Leonard v. Paxson,* 654 S.W.2d 440 (Tex.1983); *Arias v. Spector,* 623 S.W.2d 312 (Tex.1981); *Brod v. Baker,* 591 S.W.2d 457 (Tex.1979); *Cassidy v. Fuller,* 568 S.W.2d 845 (Tex.1978).

In this case, Sokolosky filed her petition for further action and accompanied it with a motion to transfer that was supported by an affidavit establishing the child's residence in Dallas County. Wicker has not controverted the affidavit. Therefore, Judge McFall should have granted Sokolosky's request to transfer the case to a district court of Dallas County without further hearing.

In this Court, Wicker has raised numerous objections to the form of the pleading requesting further action, the form of the petition for mandamus, and the sufficiency of the affidavit that was attached to the motion to transfer. We are not persuaded to deny relief because of the objections, however.

The motion to modify is sufficient to inform us that Sokolosky wants to increase the child support paid by Wicker on behalf of his youngest daughter. That is a request for further action under the appropriate Family Code sections and triggers the above quoted provisions of section 11.06. If Wicker believes the pleading is technically deficient, he can call that matter to the attention of the Dallas County district judge who will try the case.

Wicker also objects to the form of the petition for writ of mandamus, primarily because it fails to designate and list addresses for various persons who are concerned with the proceeding and is not accompanied by a sworn order as a basis for the complaint. Tex.R.App.P. 121(a)(2)(B), (C). We have examined the petition and find, in it or in the exhibits attached to it, all address and party information required by the rule. Thus, Sokolosky is in substantial compliance and we will not make her replead her petition.

Wicker's complaint about the absence of an order is also without merit. The order is missing because Judge McFall has not entered an order, and it is his failure to do so that is the foundation for this proceeding. Mandamus is available to correct inaction, just as it is available to correct certain kinds of erroneous action, *Uvalde Rock Asphalt Company v. Loughridge*, 423 S.W.2d 602 (Tex.Civ.App.—San Antonio 1968, no writ), and we will not construe Rule 121 to mean that a mandamus action must fail when a trial judge does not enter an order he is required to enter.

Wicker's objection to the form of the affidavit must also fail. The affidavit states, under oath, that the child in question has resided in Dallas County for six months. That is the only sworn information a court needs in order to transfer the case, when the statement is not controverted under oath.

For the foregoing reasons, Judge McFall must enter an order granting the motion to transfer in cause no. 108070, styled *In the Matter of the Marriage of Jeremy Charles Wicker and Stephanie Ann Wicker* and in the *Interest of Sabrina Renee Wicker and Laura Jennifer Wicker*, in the 237th District Court of Lubbock County. We are confident he will do so, and will issue a formal writ only if he refuses.