Forister v. McCown 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-063-CV




BRYAN W. FORISTER, III,



 RELATOR


vs.





THE HONORABLE F. SCOTT MCCOWN,



 RESPONDENT



 




ORIGINAL PROCEEDING FROM TRAVIS COUNTY




 




 Relator Bryan W. Forister, III, petitions this court to issue a writ of mandamus
directing Respondent, the Honorable F. Scott McCown, to set aside an order granting a motion
to transfer the underlying proceeding from Travis County to Harris County. Julie Ann Forister,
the real party in interest, requested the venue change. We will deny the petition for writ of
mandamus.



BACKGROUND


 The Foristers were divorced in 1989 by a final decree rendered in Travis County. 
The trial court appointed Julie managing conservator of the parties' son and appointed Bryan
possessory conservator. In 1990, the court issued an agreed order that appointed Julie and Bryan
joint managing conservators and designated Julie as the parent who could determine their son's
residence. On July 12, 1991, Bryan filed a motion to modify this order, requesting that the court appoint him sole managing conservator. Julie was served with citation on August 1,
1991; she answered by general denial on September 21, 1991.

 On November 9, 1992, Julie filed a motion for contempt alleging that Bryan had
failed to pay for their son's health insurance. On the same date, Julie filed a motion to transfer
the proceeding to Harris County. See Tex. Fam. Code Ann. § 11.06 (West 1986 & Supp. 1993). 
The district court granted the motion to transfer on January 7, 1993. On February 4, 1993, Bryan
filed a motion asking the trial court to vacate its transfer order and, on February 5, 1993, filed
in this Court his motion for leave to file petition for writ of mandamus. This Court granted the
motion and filed the petition on March 4, 1993. See Tex. Gov't Code Ann. § 22.221(b) (West
1988); Tex. R. App. P. 121.



AVAILABILITY OF MANDAMUS


 Bryan contends Julie's motion to transfer venue was not timely filed as required
by the Texas Family Code. Tex. Fam. Code Ann. § 11.06(b) (West 1986). Julie argues that it
was timely because as movant she filed her motion to transfer venue at the same time she filed her
motion for contempt to enforce the final decree of divorce. See Tex. Fam. Code Ann. § 11.06(f)
(West 1986). Before we may reach the merits of this original proceeding, however, we must
consider whether mandamus relief is available.

 Generally, an appellate court will not issue a writ of mandamus if, for any reason,
the writ would be useless or unavailing. Holcombe v. Fowler, 9 S.W.2d 1028 (Tex. 1928, orig.
proceeding); Wike v. Dagget, 696 S.W.2d 79, 82 (Tex. App.--Houston [14th Dist.] 1985, orig.
proceeding). Because we conclude that our issuance of the writ could have no effect, we will
deny the petition.

 When a court transfers venue in a child custody proceeding, the court loses its
continuing jurisdiction over the child. Seay v. Valderas, 643 S.W.2d 395, 397 (Tex. 1982, orig.
proceeding). Although a transfer order is an interlocutory order, it is final as to the transferring
judge. HCA Health Servs. v. Salinas, 838 S.W.2d 246, 248 (Tex. 1992, orig. proceeding); Seay,
643 S.W.2d at 397. Accordingly, the transferring court retains plenary power over the order to
transfer for thirty days after the order to transfer was signed. Tex. R. Civ. P. 329b(d); HCA Health Servs., 838 S.W.2d at 248; U.S. Resources v. Placke, 682 S.W.2d 403, 405 (Tex.
App.--Austin 1984, orig. proceeding); see Seay, 643 S.W.2d at 397. In the instant cause, the
district court lost its jurisdiction over the order to transfer on February 8, 1993, even before this
Court granted leave to file this proceeding. Thereafter, the district court had no power to set
aside the order. This Court cannot, by mandamus, order a district court to do that which the court
has no authority to do. French v. Harris, 658 S.W.2d 690, 692 (Tex. App.--Dallas 1983, orig.
proceeding); see Holcombe, 9 S.W.2d at 1028.

 Bryan, however, responds that his motion to vacate the transfer order, filed with
the trial court, had the same effect as a motion for new trial and thus extended the district court's
period of plenary power pursuant to Tex. R. Civ. P. 329b(e). We need not and do not decide
whether the motion to vacate extended the period of plenary jurisdiction. Even assuming the
argument is correct, the district court's plenary jurisdiction expired April 22, 1993. Because that
date has passed, our disposition of the petition would be the same; we may not require a trial court
to perform an act that it has no power to execute. (1)

 Bryan, of course, retains his right to complain of improper transfer on appeal of
any final order hereafter rendered in this cause. (2)

 For the reasons stated, we deny the petition for writ of mandamus.



 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Petition for Writ of Mandamus Denied

Filed: April 28, 1993

[Do Not Publish]
1. Neither party asked this Court to stay execution of the trial court's order, assuming we
could do so. The matter of plenary jurisdiction was brought to the Court's attention for the first
time in Bryan's post-submission brief filed April 8, 1993.
2. Formerly, the Family Code prohibited any appeal of a trial court's ruling on a transfer
motion. See Tex. Fam. Code Ann. § 11.06(f) (since repealed). In 1981, the Code was amended
so that it now prohibits only an interlocutory appeal of such a ruling. See Act of June 16, 1981,
67th Leg., R.S., ch. 355, § 1, 1981 Tex. Gen. Laws 942, 943 (Tex. Fam. Code Ann. § 11.06(i)
(West 1986)).