NO. 07-04-0469-CR


 NO. 07-04-0470-CR

 NO. 07-04-0471-CR

 NO. 07-04-0472-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 8, 2005


______________________________



STEVEN EDWARD BEDFORD, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NOS. 48,667-E, 48,668-E, 48,669-E and 48,670-E;


HON. ABE LOPEZ, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant Steven Edward Bedford appeals from his convictions for aggravated
assault with a deadly weapon. The convictions were based on his guilty pleas, which pleas
were entered after the trial court refused to grant him leave to voir dire the jury venire about
"mental health issues and jurors' experience" with same. Counsel for the defense told the
trial court that she "would like to know if jurors have any experience in their life dealing with
people who suffer from depression or suicide attempts." The two issues now before us
concern the trial court's decision and trial counsel's effectiveness. That is, appellant
contends that the court abused its discretion when it refused to allow the voir dire and that
his counsel was ineffective because she failed to preserve the matter for appellate review. 
We affirm the judgments.

 Issue One - Leave to Voir Dire

 Though appellant informed the judge of the particular topic he sought to develop, no
record was made of the specific questions he proposed to ask. That is needed to preserve
any complaint one may have about a trial court's restriction of voir dire. See Caldwell v.
State, 818 S.W.2d 790, 793-94 (Tex. Crim. App. 1991), overruled on other grounds by
Castillo v. State, 913 S.W.2d 529 (Tex. Crim. App. 1995) (holding that one preserves his
complaint about being unable to ask questions during voir dire by presenting the specific
question to the trial court and obtaining an adverse ruling); Dhillon v. State, 138 S.W.3d
583, 589 (Tex. App.- Houston [14th Dist.] 2004, pet. dism'd) (stating that a question that is
vague or broad is not proper and fails to preserve error); Aquino v. State, 710 S.W.2d 747,
752 (Tex. App.-Houston [14th Dist.] 1986, pet. ref'd) (holding that error was waived since
the defendant failed to make a bill of exceptions as to the questions he wished to pose to
the prospective juror). Given that the record lacks the specific questions appellant sought
to ask, issue one is waived.

 Issue Two - Effective Assistance

 We next address appellant's claim that his trial attorney rendered ineffective
assistance. Though the gist of the issue tends to involve the failure to preserve complaint
about the restriction of voir dire, he also talks about the trial court's purported decision to
exclude the evidence of appellant's alleged mental problems. We, therefore, will address
both topics.

 The applicable standard of review is well-settled and discussed in such cases as 
Ex parte Nailor, 149 S.W.3d 125 (Tex. Crim. App. 2004) and Bone v. State, 77 S.W.3d 828
(Tex. Crim. App. 2002). Those cases inform us that one raising the claim must establish
both that his counsel was deficient and that the deficiency was prejudicial. Bone v. State,
77 S.W.3d at 833. Furthermore, it is clear that the claim must be firmly founded in the
record. Ex parte Nailor, 149 S.W.3d at 130.

 In applying the aforementioned standard to the question of whether appellant failed
to preserve error viz the decision to exclude evidence, we note that the trial court did not
rule that the evidence would be excluded. It simply granted the State's motion in limine,
and in that motion, the State merely sought an order requiring the parties to approach the
bench before evidence of mental illness was proffered. The trial court's decision fell far
short of one holding that the evidence was inadmissible. So, because the evidence had
not been ruled inadmissible, trial counsel cannot be held ineffective for failing to preserve
complaint about something that never happened.

 As to the matter of voir dire, we are again informed of no specific questions that 
appellant sought to ask the jury. This is fatal given the nature of the complaint. While
certain topics may be fair game in voir dire, the manner in which they are broached may
nonetheless be objectionable. See e.g., Barajas v. State, 93 S.W.3d 36, 38-39 (Tex. Crim.
App. 2002) (noting that while the potential for bias is a legitimate subject for voir dire, a
litigant cannot inquire into that potentiality through questions seeking commitments for the
venire members). So, without a hint from appellant about what specific questions, if any,
an effective attorney could and should have asked, we cannot analyze whether trial counsel
actually erred. So, we overrule this issue as well.

 Having overruled each issue, we affirm the judgments of the trial court.


 Brian Quinn 

 Chief Justice


Do not publish. 



e" Priority="71" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Shading"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-10-0344-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                         SEPTEMBER
30, 2010

 

                                            ______________________________

 

 

                                                     In re: MEGAN LEE DOZIER

 

                                                                                                            Relator

                                           _______________________________

 

                            Opinion on Original Proceeding
for Writ of Mandamus

                                           _______________________________

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Megan Lee Dozier (Dozier) petitions the court for a writ
of mandamus directing the Honorable William H. Heatley
to vacate his order granting the Motion to Transfer to Childress County.  We deny the petition.

            This dispute involved a proceeding to affect the parent-child
relationship once pending in Cottle County.  The district judge who presided over that
matter, i.e. William H. Heatley, signed the order transferring the cause from Cottle County to Childress County on May 11, 2010.  In response, the district judge of Childress
County accepted the transfer via order signed on May 18, 2010.  Thereafter, the Childress County district
clerk assigned cause number 9913 to the proceeding on June 7, 2010.  It was not until August 30, 2010, that Dozier
petitioned us to direct the Cottle County district
judge to vacate its transfer order.  This
delay rendered problematic the granting of her request.

            While an order to transfer is interlocutory as far as the
litigants are concerned, it is final viz the
transferring court.  In re Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig.
proceeding); Bigham v. Dempster,
901 S.W.2d 424, 429 (Tex. 1995); Seay v. Valderas, 643 S.W.2d 395, 397 (Tex. 1982).  More importantly, once the case has been
placed on the transferee courts docket, the transferor courts jurisdiction
over the matter ends.  Tex. Fam. Code Ann. §155.005(b) (Vernon 2008).  Simply put, it can no longer issue orders
regarding the matter.

            Given that the Childress County district court formally
accepted the transfer on May 18, 2010, and the district clerk of that same
county assigned the matter a cause number on June 7, 2010, it can be said that
the proceeding was placed on the transferee courts docket no later than June
7, 2010.  This, in turn, means that
whatever jurisdiction the Cottle County district
court had over its order transferring venue lapsed on June 7, 2010, per
§155.005(b) and Bigham v. Dempster.  So, because it cannot rescind a transfer
order once its jurisdiction ends, Seay v. Valderas, supra, logic dictates that we cannot order it
to do that which it has no jurisdiction to do. 


            The petition is denied.

 

                                                                                    Per
Curiam