NO.  07-10-0344-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                         SEPTEMBER
30, 2010

 

                                            ______________________________

 

 

                                                     In re: MEGAN LEE DOZIER

 

                                                                                                            Relator

                                           _______________________________

 

                            Opinion on Original Proceeding
for Writ of Mandamus

                                           _______________________________

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Megan Lee Dozier (Dozier) petitions the court for a writ
of mandamus directing the Honorable William H. Heatley
to vacate his order ”granting the Motion to Transfer to Childress County.”  We deny the petition.

            This dispute involved a proceeding to affect the parent-child
relationship once pending in Cottle County.  The district judge who presided over that
matter, i.e. William H. Heatley, signed the order transferring the cause from Cottle County to Childress County on May 11, 2010.  In response, the district judge of Childress
County accepted the transfer via order signed on May 18, 2010.  Thereafter, the Childress County district
clerk assigned cause number 9913 to the proceeding on June 7, 2010.  It was not until August 30, 2010, that Dozier
petitioned us to direct the Cottle County district
judge to vacate its transfer order.  This
delay rendered problematic the granting of her request.

            While an order to transfer is interlocutory as far as the
litigants are concerned, it is final viz the
transferring court.  In re Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig.
proceeding); Bigham v. Dempster,
901 S.W.2d 424, 429 (Tex. 1995); Seay v. Valderas, 643 S.W.2d 395, 397 (Tex. 1982).  More importantly, once the case has been
placed on the transferee court’s docket, the transferor court’s jurisdiction
over the matter ends.  Tex. Fam. Code Ann. §155.005(b) (Vernon 2008).  Simply put, it can no longer issue orders
regarding the matter.

            Given that the Childress County district court formally
accepted the transfer on May 18, 2010, and the district clerk of that same
county assigned the matter a cause number on June 7, 2010, it can be said that
the proceeding was placed on the transferee court’s docket no later than June
7, 2010.  This, in turn, means that
whatever jurisdiction the Cottle County district
court had over its order transferring venue lapsed on June 7, 2010, per
§155.005(b) and Bigham v. Dempster.  So, because it cannot rescind a transfer
order once its jurisdiction ends, Seay v. Valderas, supra, logic dictates that we cannot order it
to do that which it has no jurisdiction to do. 


            The petition is denied.

 

                                                                                    Per
Curiam