NO. 07-10-0344-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 30, 2010

_____


In re: MEGAN LEE DOZIER

Relator
_____

*Opinion on Original Proceeding for Writ of Mandamus*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Megan Lee Dozier (Dozier) petitions the court for a writ of mandamus directing the Honorable William H. Heatley to vacate his order "granting the Motion to Transfer to Childress County." We deny the petition.

This dispute involved a proceeding to affect the parent-child relationship once pending in Cottle County. The district judge who presided over that matter, *i.e.* William H. Heatley, signed the order transferring the cause from Cottle County to Childress County on May 11, 2010. In response, the district judge of Childress County accepted the transfer via order signed on May 18, 2010. Thereafter, the Childress County district clerk assigned cause number 9913 to the proceeding on June 7, 2010. It was not until August 30, 2010, that Dozier petitioned us to direct the Cottle County district judge to vacate its transfer order. This delay rendered problematic the granting of her request.

While an order to transfer is interlocutory as far as the litigants are concerned, it is final *viz* the transferring court. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *Bigham v. Dempster*, 901 S.W.2d 424, 429 (Tex. 1995); *Seay v. Valderas*, 643 S.W.2d 395, 397 (Tex. 1982). More importantly, once the case has been placed on the transferee court's docket, the transferor court's jurisdiction over the matter ends. TEX. FAM. CODE ANN. §155.005(b) (Vernon 2008). Simply put, it can no longer issue orders regarding the matter.

Given that the Childress County district court formally accepted the transfer on May 18, 2010, and the district clerk of that same county assigned the matter a cause number on June 7, 2010, it can be said that the proceeding was placed on the transferee court's docket no later than June 7, 2010. This, in turn, means that whatever jurisdiction the Cottle County district court had over its order transferring venue lapsed on June 7, 2010, per §155.005(b) and *Bigham v. Dempster*. So, because it cannot rescind a transfer order once its jurisdiction ends, *Seay v. Valderas, supra*, logic dictates that we cannot order it to do that which it has no jurisdiction to do.

The petition is denied.

Per Curiam

2