NO. 07-10-00341-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



OCTOBER
19, 2010

 



 

IN RE ZELDA KAY THORPE, RELATOR



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

ORDER ON REHEARING

 

            The
Court denied the petition for writ of mandamus filed by relator
Zelda Kay Thorpe.  Now pending before us
is relator’s motion for rehearing.  We will overrule the motion.

            Relator’s petition asked that the Court direct the
Honorable Don Emerson, Judge of the 320th District Court of Potter County, to
sign an order transferring the underlying suit affecting the parent-child
relationship to Dallas County pursuant to sections 155.201(b) and 155.204(c) of
the Family Code.  

            A
statement in relator’s motion for rehearing suggests
to us that relator has misread our opinion denying
her writ petition. In her motion for rehearing, relator
describes our opinion as holding that she failed to show an abuse of discretion
by the trial court because she “had not demonstrated why the [court] had not signed a transfer order.” (italics relator’s).  Our opinion does not say that.

            Our
opinion assumed, without holding, that the failure of real party in interest,
Santos Fuentes, Jr., to file timely a controverting
affidavit to relator’s motion to transfer made
transfer of the SAPCR to Dallas County mandatory under § 155.204(c).  But what is missing from relator’s
mandamus record is proof of the second and third elements of required mandamus
proof, that Judge Emerson was asked to sign the transfer order, and failed or
refused to do so.[1]  In re
Thorpe, No. 07-10-0341-CV, 2010 Tex. App. Lexis 7681, at *4-*5 (Tex.App.--Amarillo September 17, 2010, orig. proceeding) (mem. op.).

            Mandamus
relief is personal to the respondent. In
re Roseland Oil & Gas, Inc., 68 S.W.3d 784, 786 (Tex.App.--Eastland
2001, orig. proceeding) (“[m]andamus is personal to
the judge”).  This Court routinely
enforces the requirement that petitioners for mandamus relief demonstrate that
the respondent personally was aware of the requested action.  See,
e.g., In re Chavez, 62 S.W.3d
225, 228 (Tex.App.--Amarillo 2001, orig. proceeding)
(“merely stating that something was ‘properly filed’ is insufficient basis from
which to reasonably infer that the trial court had notice of that something and
the need to act on it”); In re Winters,
No. 07-07-0455-CV, 2007 Tex. App. Lexis 8992, at *1-*2 (Tex.App.--Amarillo
2007, orig. proceeding) (noting it is incumbent on a relator
to illustrate that the trial court “received and was aware of his motion”;
absent such information mandamus court will not “simply assume that the
district court knew of its duty to act and neglected to perform it”); In re Taylor, No. 07-05-0028-CV, 2005
Tex. App. Lexis 863, at *3 (Tex.App.--Amarillo Feb.
1, 2005, orig. proceeding) (mem. op.) (record failed to demonstrate whether relator
“actually filed the motion with the court clerk, the court administrator, the
judge himself, or someone else.  Lacking
that information, we cannot simply assume that the district court knew of its
duty to act and neglected to perform it”); In
re Scott, No. 07-05-0022-CV, 2005 Tex. App. Lexis 749, at *3 (Tex.App.--Amarillo 2005, orig. proceeding) (mem. op.) (“[s]howing that a
motion was filed with the court clerk does not constitute proof that the motion
was brought to the trial court’s attention or presented to the trial court with
a request for a ruling”).

            The
cases relator cites in her motion for rehearing
further illustrate our point.  None of
the cases suggest mandamus is appropriate without proof the respondent trial
court judge personally was asked, but failed or refused, to sign a transfer
order when transfer was mandatory.  In In re Daly, the judge set a hearing rather
than sign the transfer order. 148 S.W.3d 578, 579-80 (Tex.App.--El
Paso 2004, orig. proceeding) (relator’s attorney sent
the judge a proposed order transferring the case but instead of signing the
order she set a hearing believing a review hearing provided by the relevant
divorce decree first had to be conducted). 
Clearly, the judge was personally made aware of the transfer
request.  The opinion in In re Kramer makes clear that the two
judges were aware of the requested transfer. 
9 S.W.3d 449, 450 (Tex.App.--San Antonio 1999,
orig. proceeding) (relator’s counsel wrote the court
requesting it sign an enclosed transfer order but the assigned judge refused on
the ground real party in interest filed a general denial and a hearing was
necessary, and another judge issued a capias for the
arrest of relator when he did not appear at the
hearing).  

Similarly, in this Court’s opinion in
Sokolosky v. McFall, we
noted that “Judge McFall filed the request, and an
accompanying order, but took no action on it.” 
750 S.W.2d 35, 37 (Tex.App.--Amarillo
1988, orig. proceeding).  The
Beaumont court’s opinion in In re Etemadi does not in the same manner expressly address
the trial judge’s personal knowledge of the requested mandatory transfer, but
nothing in the opinion suggests that factor was absent.  2008 Tex. App. Lexis 6750 (Tex.App.--Beaumont 2008, orig. proceeding) (mem. op.).  

Relator notes in her motion for rehearing
that § 155.204(c) mandates that a SAPCR be transferred not later than the
twenty-first day after expiration of the time within which a controverting affidavit may be filed, without a hearing in
the transferring court.  She further
notes the absence from the statute of any requirement for notice or demand upon
the court to order the transfer.

Relator is assuming the ministerial nature
of the transfer satisfies the requirements for issuance of mandamus.  A trial court may err by failing to follow
the mandatory transfer procedure.  But
before a higher court may intervene in proceedings to direct the trial court to
take a ministerial action, it must be proven that the trial court was made
aware of the need to take the action.  In re Winters,
2007 Tex. App. Lexis 8992, at *1-*2.  Relator’s apparent belief that we denied her mandamus
relief because she did not show why Judge Emerson did not sign the transfer
order overstates the requirements for mandamus relief with respect to
ministerial duties.  Relator
was not required to show why Judge Emerson did not transfer the case, but she
was required to show that he knew she had asked him to transfer it, and that
after a reasonable time, he failed or refused to act.  Id. at *2 (burden on relator to
illustrate trial court refused to act). 

 

Relator’s motion for rehearing is overruled.

                                                            

                                                                        Per
Curiam       

 

 

 

            








 











[1] Our opinion discussed why we do not view relator’s mandamus evidence as satisfying the requirements
for mandamus relief, and we will not repeat that discussion here.