ACCEPTED
06-15-00027-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
p. 7/7/2015 2:20:55 AM
DEBBIE AUTREY
CLERK

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/7/2015 8:04:00 AM
DEBBIE AUTREY
Clerk

No. 06-15-00027-CV

---

In the Court of Appeals

Sixth Judicial District

Texarkana, Texas

---

*In re* STACEY DIANE SARTOR, Relator

---

## RESPONSE TO REAL PARTY IN INTEREST'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Marianne Howland
State Bar No. 24055693
Glen Wietzel
State Bar No. 24047704
1940 Forest Ln.
Garland, TX 75042
Tel: 214.288.1731
Fax: 214.853.5835
mhowland@dfwcustody.com

ATTORNEYS FOR RELATOR

*Identity of Parties and Counsel*

The following is a list of all parties and all counsel who have appeared in this matter:

Relator: STACEY DIANE SARTOR

Attorneys for Relator in the trial court: Marianne Howland, 1940 Forest Ln., Garland, TX 75042, State Bar No. 24055693 and Glen Wietzel, 1940 Forest Ln., Garland, TX 75042, State Bar No. 24047704.

Respondent: ERIC CLIFFORD

Attorney for Respondent in the trial court: N/A

Real party in interest: JASON SARTOR

Attorney for real party in interest in the trial court: Jennifer Gibo, 109 1ˢᵗ Street SE, Paris, Texas 75460, State Bar No. 24032343.

*Table of Contents*

| | |
|---|---|
| *Index of Authorities* | iv |
| PETITION FOR WRIT OF MANDAMUS | 1 |
| I. Statement of the Case | 4 |
| II. Statement of Jurisdiction | 4 |
| III. Issues Presented | 4 |
|     Issue No. 1 | |
| IV. Statement of Facts | 4 |

V.      Argument and Authorities      5

      A.      Standard of Review: Availability of Mandamus Relief      6

      B.      Issue No. 1: Respondent abused his discretion when he denied Motion to Transfer Venue      6

*Prayer*

*Certification*

*Certificate of Service*

APPENDICES: The following documents are attached to this petition and incorporated in it for all purposes.

Appendix A:      Affidavit of STACEY DIANE SARTOR

Appendix B:      Attached to this Response are the following documents:

A certified copy of the First Amended Motion to Transfer Venue.

Appendix C:      Affidavit of Marianne Howland, one of the attorneys for Relator.

*Statement of the Case*

1.      The underlying suit is a suit to modify parent-child relationship, in which Relator filed a motion to transfer venue.

2.      Respondent denied Relator's motion to transfer venue on May 5, 2015.

3.      Respondent is ERIC CLIFFORD, Judge of the 6TH Judicial District Court of Lamar County, Texas, whose address is 119 N. Main St. Paris, Texas

75460.

*Statement of Jurisdiction*

This Court has jurisdiction to issue a writ of mandamus under section 6 of article V of the Texas Constitution and section 22.221(a) of the Texas Government Code.

*Issues Presented by Real Party in Interest*

Issue No. 1: Respondent abused his discretion when he denied Relator's First Amended Motion to Transfer Venue.

Texas Family Code Section 155.201 states that "if a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

*Statement of Facts*

Relator, STACEY DIANE SARTOR, resides in Hunt County, Texas with the children the subject of this suit. Relator resided in Hopkins County with the children for six months prior to the filing of the underlying suit.

JASON SARTOR resides in Kansas. The exact address of JASON SARTOR is unknown. It is undisputed that JASON SARTOR resides in Kansas.

None of the parties to this case reside in Lamar County, Texas.

Relator timely filed Defendant's Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, to Transfer Venue and the First Amended Motion to Transfer Venue. JASON SARTOR failed to file a controverting affidavit in response to the Motion to Transfer Venue. The affidavit that JASON SARTOR filed was not controverting in nature. The affidavit did not allege that Relator did not reside in Hopkins or Hunt County for at least six months prior to the filing of her suit. Respondent, Judge Eric Clifford, heard the motion on March 20, 2015 at 10:00 a.m. Relator testified that she had resided in Hopkins County for at least six months before the underlying suit was filed. Respondent denied Relator's motion even though Respondent had a mandatory ministerial duty to transfer the case to Hunt County, Texas, where the children the subject of this suit have resided for more than six months or, in the alternative, Hopkins County, where the children lived for at least six months prior to the filing of the underlying suit.

Respondent only took testimony from Relator and JASON SARTOR's father. No testimony from JASON SARTOR was taken.

Respondent verbally denied Relator's motion to transfer (see page 19, line 20 through 23 of the transcript attached to Real Party in Interest's Response). Therefore, Relator did not submit an order granting the motion to transfer. Respondent issued an Order Denying Motion to Transfer on May 5, 2015.

*Argument and Authorities*

A.    Standard of Review:  Availability of Mandamus Relief.

Requisites of mandamus relief are a showing of (1) a legal duty to perform a nondiscretionary act, (2) a demand for performance of a nondiscretionary act, and (3) a refusal to perform after such demand was made. *Erbs v. Bedard*, 760 S.W.2d 750, 755 (Tex. App.--Dallas 1988) (orig proceeding).  Mandamus relief is available when under the circumstances of the case the facts and law permit the trial court to make but one decision--and the trial court has refused to make that decision--and remedy by appeal to correct the ruling is inadequate. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding).

Mandamus is available to compel mandatory transfer in suits affecting the parent-child relationship. *Proffer*, 734 S.W.2d at 672; *Arias v. Spector*, 623 S.W.2d 312, 313 (Tex. 1981) (orig. proceeding).  Transfer of a case to a county where the child has resided for more than six months is a mandatory ministerial duty under section 11.06(b) (now section 155.201) of the Texas Family Code. *Proffer*, 734 S.W.2d at 673.  Parents and children who have a right under the mandatory venue provisions to venue in a particular county should not be forced to go through a trial that is for naught. *Proffer*, 734 S.W.2d at 673.  Justice demands a speedy resolution of child custody and child support issues. *Proffer*, 734 S.W.2d at 673.

B.      Issue No. 1

Relator should be granted relief because the trial judge abused his discretion in denying the motion to transfer venue. The trial judge failed to perform his mandatory ministerial duty to transfer the case to Hunt County, Texas or, in the alternative, Hopkins County, Texas.

*Prayer*

Relator prays that this Court issue its writ of mandamus commanding the trial court to vacate the order of May 5, 2015 denying Relator's Defendant's Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, to Transfer Venue and Relator's First Amended Motion to Transfer Venue and ordering the trial court to grant Relator's Motion to Transfer and transfer the case to Hunt County, Texas or, in the alternative, Hopkins County, Texas.

Law Office of Marianne Howland
1940 Forest Ln.
Garland, TX 75042
Tel: 214.288.1731
Fax: 214.853.5835
Email: mhowland@dfwcustody.com


By:_____
        Marianne Howland
        State Bar No. 24055693
        Attorney for Relator

Sartor | Response
Page 7 of 11

## Certification

I certify that I have reviewed the above response and have concluded that every factual statement in the response is supported by competent evidence included in the attached appendix or record.

_____
STACEY DIANE SARTOR

## Certificate of Service

I certify that a true copy of this Response to Real Party in Interest's Response to Petition for Writ of Mandamus was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

Party: JASON SARTOR

Lead attorney: Jennifer Gibo

Address of service: 119 1ˢ Street SE, Paris, Texas 75460

Method of service: via facsimile: 903-905-4966

Date of service: June ___, 2015

A copy of this notice is being filed with the appellate clerk in accordance with rule 25.1(e) of the Texas Rules of Appellate Procedure.

_____
Marianne Howland
Attorney for Relator

*Appendix A:* Affidavit of STACEY DIANE SARTOR

STACEY DIANE SARTOR appeared in person before me today and stated under oath:

"My name is STACEY DIANE SARTOR. I am above the age of eighteen years of age, and I am fully competent to make this affidavit. I am the Relator in this Petition for Writ of Mandamus. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I have resided in Hunt County with the children the subject of this suit since May 2014. I resided in Hopkins County for six months before the underlying suit was filed.

I filed my Defendant's Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, to Transfer Venue on December 9, 2014. My attorney then filed a First Amended Motion to Transfer Venue on January 5, 2015, and I appeared at the hearing on March 20, 2015 at 10:00 a.m. Judge Eric Clifford did not take testimony from JASON SARTOR on this issue. Judge Eric Clifford verbally denied my motion and then issued an order denying my motion on May 5, 2015.

STACEY DIANE SARTOR

SIGNED under oath before me on _July 2, 2015_____.

Notary Public, State of Texas

Gloria A. Jordan
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
January 22, 2017

*Appendix B:* Affidavit of Marianne Howland

Marianne Howland appeared in person before me today and stated under oath:

"My name is Marianne Howland. I am above the age of eighteen years of age, and I am fully competent to make this affidavit. I am one of the attorneys representing Relator, STACEY DIANE SARTOR, in this Petition for Writ of Mandamus. I am licensed to practice law in the state of Texas. I have thoroughly reviewed the Court's file in this matter. The facts stated in this affidavit are within my personal knowledge and are true and correct."

_____
Marianne Howland

SIGNED under oath before me on July 4, 2015

_____
Notary Public, State of Texas

NANCY VALDEZ
Notary Public, State of Texas
My Commission Expires
July 30, 2017