Judy Lynn **BRINES**, Relator,

v.

Hon. Grainger W. **McILHANEY**, Judge et al., Respondents.

No. B–8969.

Supreme Court of Texas.

March 26, 1980.

Lovell, Lyle, Renfer & Moore, Kyle R. Lewis, Dumas, for relator.

Waters, Holt, Fields & Waters, Kenneth W. Fields, Mark N. Buzzard, Pampa, for respondents.

GARWOOD, Justice.

This is an original mandamus proceeding seeking transfer of motions to designate managing conservatorship of a child to the county of the child's residence. The issues presented are whether the provision of the decree of divorce appointing the child's mother "temporary" managing conservator and the divorce decree itself were final. Our holding is that both were final, and we accordingly have conditionally granted the writ.

Robert Claude and Judy Lynn Brines were divorced by decree of the 31st district court of Roberts County dated February 26, 1979. The decree appointed Judy Lynn Brines "Temporary Managing Conservator" of their child Jason Dee Brines "until further order of the court." Robert Claude Brines and the child's paternal grandparents, Eddie D. and Daisy Ann Brines, were appointed "Joint Temporary Possessory Conservators."

In July 1979, the joint possessory conservators filed motions seeking to discontinue

the managing conservatorship of Judy Lynn Brines and to have themselves appointed managing conservators. They alleged "a change of circumstances" since the February 26 decree. Judy Lynn Brines filed a motion to transfer the proceedings to the 69th district court of Moore County, on the ground that venue was proper in that county as the child resided there. At the transfer hearing, Judy Lynn Brines testified that she and the child had resided in Moore County for more than six months.

On August 29, 1979, Judge Grainger W. McIlhaney signed the order denying the motion to transfer. He found that the conservatorship orders in the divorce decree were "temporary, as opposed to final," and that "the motions for designation of managing conservator . . . are not in the nature of motions to modify, as there is no final order of conservatorship subject to modification herein." Judy Lynn Brines brought this mandamus action to compel Judge McIlhaney to transfer the conservatorship motions from Roberts County to Moore County under Sections 11.04 and 11.-06 of the Family Code.[1]

■ Those sections provide that if a motion to modify a divorce decree is filed in the court having continuing jurisdiction of the suit, then the court must transfer the proceeding to the county of proper venue. Venue in a suit of this kind is proper in the county of the child's residence. If a managing conservator has been appointed by court order, then the child is deemed to reside in the county where the managing conservator resides. The court may deny the motion to transfer if it is shown that the child has not resided in the transferee county for at least six months.[2] The Family Code does not specify the dates which establish the six-month residency period, but once residence is established, the transfer is mandatory. *Brod v. Baker*, 591 S.W.2d 457, 458 (Tex. 1979); *Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex.1978).[3]

The intervening possessory conservators contend that the motions to designate managing conservators filed in this case would be subject to mandatory transfer under Section 11.06 only if the conservatorship orders in the divorce decree and the divorce decree itself were final.

■ We first determine whether the divorce decree was final or interlocutory. If it were interlocutory, then the conservatorship motions would not be subject to mandatory transfer out of the Roberts County district court, where the divorce would be pending. Section 3.55(b) ["the suit for divorce . . . must include a suit affecting the parent-child relationship . . ."].

The decree is entitled "Decree of Divorce." It recites that each of the parties

---

1. All statutory references are to Tex. Family Code Ann.

2. Sections 11.04 and 11.06 provide in pertinent part:

 § 11.04. Venue
 (a) Except as otherwise provided in this subtitle, a suit affecting the parent-child relationship shall be brought in the county where the child resides.

 (c) A child resides in the county where his parents . . . resides, except that:
 (1) if a managing conservator has been appointed by court order . . . the child resides in the county where the managing conservator or custodian resides; . . .
 § 11.06. Transfer of Proceedings
 (b) If a petition or a motion to modify a decree is filed in a court having continuing jurisdiction of the suit, the court, on the timely motion of any party, and on a showing that venue is proper in another county or that a suit for dissolution of marriage has been filed in another court, shall transfer the proceeding to the county where venue is proper or to the court where the suit for dissolution of the marriage is pending. However, if the basis of the motion is that the child resides in another county, the court may deny the motion if it is shown that the child has not resided in that county for at least six months. . . .

3. Respondents have not questioned that the six-month residency requirement was satisfied and counsel for the intervening possessory conservators conceded on oral argument that if the divorce decree and its conservatorship orders are final, then the six-month residency requirement was satisfied. Accordingly, as we dispose of this case on the finality grounds, we are not faced with the issue of when the residency period begins or ends.

"appeared in person and by attorney and announced ready for trial," that the court "having examined the pleadings and heard the evidence and argument of counsel" finds all legal prerequisites and residence requirements are satisfied and that it has jurisdiction of the parties and subject matter. It states that "[a] jury was waived and all matters in controversy, including questions of fact and of law, were submitted to the Court." The decree thereafter provides: "The Court finds that a divorce should be granted. It is therefore decreed that Robert Claude Brines, Petitioner, and Judy Lynn Brines, Respondent, be and they are hereby divorced."

After reciting the name, birth date (August 11, 1974) and sex of the child, the decree states "[i]t is decreed that Judy Lynn Brines be and is hereby appointed Temporary Managing Conservator of the child until further order of the court," and shall have all parental rights, privileges, duties and powers to the exclusion of the other parent but subject to the rights granted the possessory conservators named in the decree. It is ordered that Judy Lynn Brines not allow the child to be in her brother's presence "during the pendency of these orders." It is "decreed" that the father and paternal grandparents "be and are hereby appointed Joint Temporary Possessory Conservators of the child."[4] Further, "it is decreed" that they have possession of the child the third week of every month, every July, on Thanksgiving in all odd years and on Easter and Christmas in all even years, beginning the day preceding and ending the day after the legal holiday. It is provided that "[s]hould these orders still be in effect when the child reaches school age" the named holiday visitation periods will begin and end on the day school dismisses and the day before it reconvenes. Normal rights and duties of the possessory conservators during the period of possession are specified.

The divorce decree further recites that "it is decreed" Robert Claude pay Judy Lynn support of $50.00 twice a month until February 15, 1980, and then $75.00 on the 1st and 15th of each month thereafter "until the child reaches the age of eighteen (18), is otherwise emancipated or until further order of the court."

The following provisions are then made in the decree:

The Court finds that the following is just and right, having due regard for the rights of each party and the child of the marriage:

IT IS DECREED that the estate of the parties be divided as follows:

Petitioner is awarded as Petitioner's sole and separate property, and Respondent is hereby divested of all right, title, and interest in and to the following property:

(property described and provision made that it is taken subject to any existing debt against it)

. . . . .

Respondent is awarded as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title, and interest in and to the following property:

(property described and the same provision made as to debts against it)

. . . . .

The decree concludes as follows:

It is hereby ordered and decreed that all orders contained herein concerning conservatorship, child support and visitation are temporary orders only. The orders shall remain in effect until further order of the court.

IT IS DECREED that Petitioner and Respondent shall execute all instruments necessary to effect this decree and that Petitioner and Respondent have all appropriate and necessary writs, execution and process, as many and as often as is necessary to accomplish the execution and final disposition of this judgment.

All costs of the Court expended in this cause are adjudged against the party by whom incurred, for which let execution issue.

---

4. In certain places the decree refers to the "Managing Conservator" and the "Joint Possessory Conservators" without the modifier "Temporary."

IT IS DECREED that all relief requested in this cause and not expressly granted herein be and is hereby denied.

It is apparent that this decree was intended to be a presently fully effective final "judgment" and "decree of divorce." It is provided that the parties "be and they are hereby divorced." Their property is divided, and each party "is awarded" certain property as to which the other "is hereby divested" of all right, title and interest. Provision is made for execution and costs. No matter is expressly stated as being left unadjudicated by the decree. On the contrary, it recites that "all matters in controversy . . . were submitted to the Court" and that "all relief requested" but not expressly granted "is hereby denied." No provision is made for any other or further hearing in the cause.

Accordingly it is clear that as to dissolution of marriage and property division the decree purports to be a final judgment. The remaining question, then, is whether in such circumstance the labeling of the conservatorship (and the visitation and child support) provisions as "temporary" and to "remain in effect until further order of the court" deprives the rest of the judgment of finality or takes the conservatorship out of Section 11.06(b).

 Section 11.11(a) provides that in a suit affecting the parent-child relationship, the court may make a temporary order for conservatorship or support of the child. Section 11.11(b) further provides that such temporary orders "are governed by the rules governing temporary restraining orders and temporary injunctions in civil cases generally." A temporary restraining order is one entered as part of a motion for a temporary injunction, by which a party is restrained pending the hearing of the motion. A temporary injunction is one which operates until dissolved by an interlocutory order or until the final hearing. *Riggins v. Thompson*, 96 Tex. 154, 71 S.W. 14, 15–16 (1902).

 This court has approved a holding that an order appointing a managing conservator "pending trial" of a divorce case was temporary and was not appealable. *Craft v. Craft*, 579 S.W.2d 506, 508 (Tex. Civ.App.—Dallas), *writ ref'd per curiam*, 580 S.W.2d 814 (Tex.1979). In the instant case, however, it is apparent that the suit for dissolution of marriage and division of property had been fully tried and finally determined, and respecting such matters there remained no further trial or hearing until which the conservatorship could be "pending." The "Decree of Divorce" purports to be final and to adjudicate all matters, and contains no provision for any further hearing on conservatorship or anything else. There is nothing in the decree which appears to contemplate that at a later date the court will issue a conservatorship order which is "final" or is not labeled "temporary," or that a hearing will be held for such purpose.

The decree contains no hint of any limitation on the duration of its "temporary" conservatorships; no specified time is stated, nor is the duration related to any external condition, such as completion of an investigation, release from a hospital or the like. Hence we are not called upon to now decide the validity under Section 11.11(b) of such more meaningfully "temporary" conservatorships entered in connection with an otherwise final decree of divorce. *See Batey v. Drever & Associates Professional Personnel Service*, 576 S.W.2d 35 (Tex. 1978). The mere presence of the word "temporary" has no meaningful effect whatever on the duration of the conservatorships provided for in this decree which is in other respects a final decree dissolving the marriage and dividing the spouses' property.

Likewise, the provision here concerning "until further order of the court" does not meaningfully affect the duration of these conservatorships. Divorce courts generally retain continuing jurisdiction of matters affecting the parent-child relationship. Section 11.05(a); *see Curtis v. Gibbs*, 511 S.W.2d 263, 266 (Tex.1974). This continuing jurisdiction includes jurisdiction to modify conservatorship, visitation, and child support. Section 14.08. Thus, in this final

divorce decree which contains no express provision for a further hearing nor any time limit on the duration of the conservatorships, the "further order of the court" provisions did nothing more than express the powers of the divorce court granted by the Family Code to exercise continuing jurisdiction of matters affecting the parent-child relationship. *See Lakey v. McCarroll*, 134 Tex. 191, 134 S.W.2d 1016 (1940).

The above comments also apply fully to the visitation and child support provisions of the decree. These both affirmatively indicate a duration of more than a year (odd- and even-year visitation provisions and post-1980 support). Child support is made payable until the child reaches his majority.

To treat as truly temporary or interlocutory these conservatorships of completely open-ended duration—which have no meaningful temporary characteristics and which are decreed in what is plainly intended as a presently effective final judgment dissolving matrimony and dividing property—would allow trial courts virtual carte blanche to permanently frustrate the venue and transfer provisions of Sections 11.04 and 11.06(b).

Because in these circumstances the so-called temporary conservatorship, visitation and child support provisions of the decree are indistinguishable from "permanent" decrees, we hold that they are not "temporary orders" under Section 11.11. *See Texas Foundries Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460, 464 (1952); *Batey v. Drever & Associates Professional Personnel Service, supra.* We further hold that the judgment's provision for conservatorship is a "decree" within the meaning of Section 11.-06(b).

We have held that the provisions of the decree purporting to grant temporary conservatorship, child support, and visitation were final dispositions of those issues. The divorce decree thus settled all of the rights controverted by the parties, and constituted a final judgment. *Dunn v. Dunn*, 439 S.W.2d 830, 833 (Tex.1969). When read as a whole, the divorce decree purported to be a final judgment, and incidental language labeling portions thereof temporary is not controlling. *Cage v. Cage*, 209 S.W.2d 626, 628 (Tex.Civ.App.—San Antonio 1948, writ ref'd n. r. e.).

Venue of these motions to modify conservatorship was proper in Moore County where the child had resided for more than six months, and it was the mandatory duty of Judge McIlhaney to transfer the proceedings to Moore County. The court has ordered the respondent, Judge Grainger W. McIlhaney, to vacate his order denying transfer of the pending managing conservatorship and has ordered the transfer of the conservatorship matter to Moore County. We assume that Judge McIlhaney will comply with the judgment of the court, and the writ of mandamus will issue only if he refuses.