Teri Gail GREEN, Relator,

v.

Honorable Morris W. HASSELL, Judge,
2nd Judicial District Court, Cherokee
County, Texas, Respondent.

No. 12–88–00293–CV.

Court of Appeals of Texas,
Tyler.

Jan. 27, 1989.

John F. Vecchio, Houston, for appellants.

Marc A. Sheiness, Houston, for appellees.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

Rob Foster, Longview, for appellant.

Dan Childs, Jacksonville, for appellee.

PER CURIAM.

In this original mandamus proceeding Relator, Teri Gayle Green, seeks an order directing the Honorable Morris W. Hassell to transfer a suit affecting the parent-child relationship to Gregg County, Texas. Judge Hassell denied Relator's motion to transfer by order signed on October 25, 1988, without stating his reasons therefor. Because we find that, under the circumstances, the facts and the law did not clearly mandate the one decision advocated by Relator, we deny the petition for a writ of mandamus.

Relator and Lonnie Wayne Green, the real party in interest, are the parents of two children. On August 25, 1985, Mr. Green was appointed managing conservator of the children by order of the Second Judicial District Court of Cherokee County, Texas, and Relator was appointed possessory conservator. Despite his appointment as managing conservator, Mr. Green did not have actual possession, custody and control of the children after the 1985 decree because Relator "unlawfully" (according to her petition) fled with the children. Relator kept the children's whereabouts unknown until Mr. Green obtained possession on August 17, 1988, by virtue of a writ of habeas corpus. The children have actually lived with Mr. Green in Gregg County, Texas, since August 17, 1988.

On August 17, 1988, Mr. Green filed a motion to modify in the suit affecting the parent-child relationship. On August 25, 1988, Relator also filed a motion to modify and a motion to transfer the case to Gregg County. On October 6, 1988, a hearing was held on the motion to transfer. The only witness was Mr. Green. He testified that he had lived in Gregg County, Texas, since the fall of 1980. He also testified that the children had not lived with him in Gregg County at any time between his appointment as their managing conservator and August 17, 1988. The trial court denied the motion to transfer.

Relator contends that the trial court was under a duty to transfer the case to Gregg County. She argues that, because neither parent or the children have resided in Cherokee County, Cherokee County is no longer a proper venue for the case. Further, she asserts that venue is proper in Gregg County because the children must be deemed to reside with the managing conservator and the managing conservator has resided in Gregg County for more than six months prior to the filing of the motions to modify. Relator admits that the children have not actually resided in Gregg County for the six months prior to the filing.

A writ of mandamus will issue when, under the circumstances, the law and the facts permit the trial court to make but one decision, and it refuses to make that decision. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987). Pursuant to Tex.Fam. Code § 11.06(b), upon proper motion, a proceeding to modify a decree in a suit affecting the parent-child relationship can be transferred to another county where venue is proper. Upon a showing that the child has resided in the other county for at least six months, transfer to that county is mandatory. *Proffer*, 734 S.W.2d at 773.

We begin by noting that the Second Judicial District Court in Cherokee County has continuing, exclusive jurisdiction in this case. *See* Tex.Fam.Code Ann. § 11.05(a) (Vernon 1986). On August 17, 1988, a mo-

tion to modify was filed with that court. Relator then sought to transfer the proceeding to Gregg County. In order to have created a situation in which transfer was mandatory and thus be entitled to mandamus, Relator must have proved that the children had resided for six months in Gregg County prior to the filing of motions to modify. *See* Tex.Fam.Code Ann. § 11.06(b) (Vernon 1986).

 It is undisputed that the children were not physically present and living in Gregg County until August 17, 1988. The record amply shows and Relator has admitted that fact. However, it is Relator's sole argument that because Mr. Green, the managing conservator, resided in Gregg County, common sense mandates the conclusion that Gregg County was the county where the children resided. In support of that contention she cites *Brines v. McIlhaney*, 596 S.W.2d 519 (Tex.1980). In *Brines*, the Supreme Court did in fact state, "If a managing conservator has been appointed by court order, then the child is deemed to reside in the county where the managing conservator resides." However, at the time of that decision, the main venue provision, section 11.04, expressly provided that a child resides in the county where his managing conservator resides. Act of June 19, 1975, ch. 476, § 3, 1975 Tex.Gen. & Spec.Laws 1253 (current version at Tex. Fam.Code § 11.04(c)(1) (Vernon 1986)). In 1985, the Legislature deleted the language referring to managing conservators. Thus, because the statute on which the court relied has been changed, we are of the opinion that the declaration in *Brines* is no longer controlling.

The record contains no proof that the children were residing in Gregg County prior to August 17, 1988. Actually, there is very little evidence of where the children were residing prior to August 17. Absent reliance on the fiction that they resided with the court-appointed managing conservator, there is nothing before us from which the trial court or we are able to determine their residence. In the absence of proof that the children resided for the previous six months in the county to which

transfer is sought, transfer is not mandatory and mandamus will not lie. Relator has not established that the children resided in Gregg County for the six months preceding the filing. Therefore the trial court did not violate a mandatory duty when it denied the motion to transfer.

The petition for writ of mandamus is denied.