In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-24-00059-CV**

**SUNBELT RENTALS, INC. AND DANIEL BURGE JR., Appellants**

**V.**

**JAMES GILLESPIE, ET AL, Appellees**

_____

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Cause No. B-210554**

_____

**MEMORANDUM OPINION**

The matter now before us is a request for an interlocutory appeal or in the alternative a request for mandamus relief pertaining to an underlying car accident, a Rule 202 Petition, an Original Petition, a Motion to Transfer Venue, and an Order Granting Plaintiffs' Motion for Sanctions.[1] On September 26, 2022, Stephanie

---

[1] After Appellants filed their interlocutory appeal, Appellees filed an Emergency Motion to Dismiss Appellants' Interlocutory Appeal for Want of Jurisdiction, arguing that this Court lacks jurisdiction over the appeal because the order being appealed is an interlocutory order granting sanctions. Appellants notified

1

Gillespie died in a car accident that occurred in Newton County, Texas. Stephanie was driving her vehicle when she was involved in a collision with a vehicle owned by Sunbelt Rentals, Inc. ("Sunbelt") and driven by Daniel Burge Jr. ("Burge"), a Sunbelt employee. At the time of the accident, Stephanie resided in Orange County and Burge resided in Newton County. Appellants Sunbelt and Burge filed an interlocutory appeal of the trial court's Order Granting Plaintiffs' Motion for Sanctions, to Hold Defendants in Contempt, and for Other Relief (the "Order"). Appellants/Defendants filed Appellants' Brief and, in the Alternative, Petition for Writ of Mandamus.[2] Appellants argue that appellate jurisdiction exists over this interlocutory appeal because the Order amounted to a venue determination, and in the alternative, the Order sanctioning Appellants is reviewable by mandamus under section 22.221 of the Texas Government Code and Texas Rule of Appellate Procedure 52. Appellees/Plaintiffs James Gillespie, Individually and as Representative of the Estate of Stephanie Warren Gillespie, deceased, Corey

_____

this Court that Appellants' Brief would alternatively request mandamus relief, and on March 7, 2025, this Court denied the motion to dismiss. The March 7, 2024 Order provided that "[w]hether the [trial court's] order is subject to interlocutory appeal[] under section 15.003(b)(1) of the Civil Practice and Remedies Code or is subject to mandamus review[] under section 22.221 of the Government Code will be determined by this Court when the accelerated appeal is submitted on the merits."

[2] An appellant may invoke the court's mandamus jurisdiction by requesting that the appeal brief be considered as a mandamus petition in the event the appellate court determines it lacks appellate jurisdiction over the case. *See In re Commitment of Renshaw*, 672 S.W.3d 426, 427-28 (Tex. 2023) (orig. proceeding); *CMH Homes v. Perez*, 340 S.W.3d 444, 452 (Tex. 2011).

Gillespie, Laken Hood, and Janet Warren filed a response brief. Appellees argue that this Court has no appellate jurisdiction over the interlocutory appeal because the Order is not a venue determination and instead it seeks review of a discovery sanctions order, and Appellants have not demonstrated that they are entitled to mandamus relief.

Pertinent Procedural Background

In 2022, Plaintiffs[3] (as "Petitioners") filed a Petition for Authorization for Pre-Suit Depositions pursuant to Rule 202 of the Texas Rules of Civil Procedure (hereinafter Rule 202 Petition) and argued that it was necessary for Petitioners to take the depositions of Burge, Sunbelt's custodian of records, and Sunbelt agents, servants, representatives and/or employees. The Rule 202 Petition also sought a subpoena duces tecum for the production of materials in order for the Petitioners to investigate any potential claims. Defendants (as "Respondents") filed a response, contending that the Rule 202 Petition was a fishing expedition, and that Petitioners had sufficient facts that, if true, would establish the trial court's jurisdiction and a prima facie case. The trial court denied the Rule 202 Petition as to the deposition of Burge but otherwise granted it in all other respects, and the trial court set forth deadlines for the depositions and the serving of a subpoena duces tecum and

_____

[3] Although Plaintiff/Appellee Janet Warren, Stephanie's mother, was not named as a Petitioner or a Plaintiff in the Original Petition, she was added as a Plaintiff in an amended petition.

objections thereto. Petitioners filed a Motion to Compel, claiming that Sunbelt failed to comply with the trial court's prior orders on the Rule 202 Petition. Plaintiffs filed an Amended Petition for Authorization for Pre-Suit Depositions and Original Petition (hereinafter "Original Petition"), asserting negligence claims against Defendants and seeking actual and punitive damages. In the Original Petition, and subsequent amended petitions, Plaintiffs asserted that Stephanie was a resident of Orange County, Texas at the time of her death and that the accident occurred north of Mauriceville, Texas. Plaintiffs alleged that venue is proper in Jefferson County, Texas.

In response to the Original Petition, Defendant Sunbelt filed a Motion to Transfer Venue denying that venue is proper in Jefferson County and arguing that none of the events giving rise to Plaintiffs' claim occurred in Jefferson County and none of the Defendants' residences or principal offices are located in Jefferson County. Sunbelt argued that no mandatory venue provision applied and that, under section 15.002(a) of the Texas Civil Practice and Remedies Code, venue is proper in Newton County because the accident occurred there, Defendant Burge resided in Newton County at the time of the accident, and Defendant Sunbelt has its principal office in York County, South Carolina. Sunbelt further argued that even if section 15.002(a) did not apply, venue would still be improper in Jefferson County because Stephanie resided in Orange County, Texas. Attached to the Motion to Transfer

Venue was an affidavit from a Texas Department of Transportation Deputy Director stating that the accident happened in Newton County and the accident report showing the accident occurred in Newton County. Sunbelt filed its Original Answer. Burge filed an Original Answer Subject to his Motion to Transfer Venue, and Burge filed his Motion to Transfer Venue making the same venue arguments as Sunbelt.

Sunbelt set its Motion to Transfer Venue for a hearing, and Plaintiffs objected to a hearing until venue-related discovery could be conducted. The trial court then entered an Order dated July 20, 2023, and it ruled that, among other things, "[n]o hearing on any party's Motion to Transfer Venue may be set until after appropriate venue-related discovery has been accomplished." Plaintiffs filed a Motion to Compel, alleging that Sunbelt had failed to respond to Plaintiffs' discovery requests and that Sunbelt made boilerplate objections to the majority of Plaintiffs' interrogatories and requests for production. Plaintiffs alleged that venue was in dispute and that the discovery Plaintiffs sought from Sunbelt was necessary to determine whether Sunbelt had a principal office in Jefferson County. Plaintiffs sought attorney's fees and asked the trial court to sanction Sunbelt.

On September 5, 2023, the trial court granted Plaintiffs' Motion to Compel, overruled several of Sunbelt's objections to interrogatories, and ordered Sunbelt to answer the majority of what Plaintiffs styled as its First Set of Venue-Related Interrogatories. The trial court also overruled Sunbelt's objections to Plaintiffs' First

5

Set of Venue Related Requests for Production, and the trial court ordered Sunbelt to respond to those requests. The trial court did not award Plaintiffs any attorney's fees or assess sanctions at that time, but the trial court ordered that Sunbelt must comply with the terms of the order on or before September 19, 2023.

Sunbelt filed a Motion to Set Aside Order Granting Plaintiffs' Motion to Compel and for Other Relief and/or Motion for New Trial. After another hearing, the trial court on October 31, 2023, signed an Order acknowledging that Plaintiffs and Sunbelt had reached a stipulation, and that Plaintiffs were not seeking a ruling on certain discovery requests. The trial court overruled all of Sunbelt's objections to outstanding interrogatories and requests for production, and the trial court granted Plaintiffs' motion to compel but set forth limitations or modifications to Plaintiffs' venue related interrogatories and requests for production. The October 31, 2023 Order allowed the parties to conduct case-specific discovery beyond the venue-related discovery, and the Order required Sunbelt to fully comply with the terms of the Order by November 2, 2023. On November 2, 2023, Sunbelt filed an Emergency Motion for Reconsideration of the October 31, 2023 Order, arguing that the volume of information sought and the documents to be produced made it impossible to comply with the October 31, 2023 Order and asking the trial court to reconsider the ruling because the discovery sought was not reasonably related to the venue issues before the trial court.

On December 1, 2023, Plaintiffs filed a Motion for Sanctions and Other Relief, alleging that Sunbelt failed to provide discovery by the agreed date of November 22, 2023, and asking that the trial court assess discovery sanctions against Sunbelt based on Sunbelt's bad faith in repeatedly failing to comply with court-ordered discovery deadlines. Plaintiffs asked the trial court to strike Sunbelt's venue pleadings and impose monetary sanctions.

Sunbelt filed a Response to Plaintiffs' Motion for Sanctions, acknowledging that Sunbelt was unable to timely comply with Plaintiffs' discovery requests "due to the holiday travel and plans[]" and that after the holiday, Sunbelt's counsel was in trial. According to the Response, Sunbelt's counsel would continue to work to comply with the trial court's order but the sanctions were not proper or merited under the circumstances.

On January 5, 2024, Sunbelt filed a Supplement to its Motion to Transfer Venue, arguing that Plaintiffs' alleged venue is not proper in Jefferson County based on the principal-office requirement and attaching an affidavit of a Sunbelt representative stating that Sunbelt does not and did not at the time of the accident have a principal office in Jefferson County. Burge filed a Joinder in Sunbelt's Supplement to its Motion to Transfer Venue, requesting that Sunbelt's Motion to Transfer Venue, along with Sunbelt's Supplement to the Motion and Burge's Joinder in the Motion, be granted by the trial court.

On January 9, 2024, the trial court signed an Order Granting Plaintiffs' Motion for Sanctions. The trial court concluded in its January 9, 2024 Order that Sunbelt and its counsel had "engaged in conduct that is ongoing, persistent and egregious, and is an abuse of the discovery process." The trial court found that Sunbelt and its counsel violated more than one court order; lodged meritless objections and made incomplete or frivolous responses to discovery for purposes of delay; and that, although Sunbelt's and its counsel's conduct was "deserving of severe sanctions[,]" only monetary sanctions would be imposed at that time. The trial court sanctioned Sunbelt and its counsel $7,500 payable to Plaintiffs' counsel within seven days of the order, and the trial court incorporated the prior October 31, 2023 Order and ordered Sunbelt and its counsel to comply with that order within seven days of the January 9, 2024 Order. The January 9, 2024 Order also noted that Sunbelt's and its counsel's conduct had been deserving "of severe sanctions including all of those authorized by Tex. R. Civ. P. 215[]" and advised them that "any further failure to comply with the orders of the [trial] [c]ourt and the rules of discovery will be met with such severe sanctions."

On January 22, 2024, Plaintiffs filed a Motion for Sanctions, to Hold Defendant and its Counsel in Contempt, and for Other Relief. After a hearing, the trial court signed its January 31, 2024 Order granting the motion and finding, in pertinent part:

8

[] The Court finds that Sunbelt Rentals, Inc., and its counsel's failure to respond and comply with the Court's January 9, 2024 [] Order justifies, and the Court hereby makes, the following additional findings:

. . . .

[] The failure of Sunbelt Rentals, Inc., and its counsel to act in an appropriate way regarding discovery raises the presumption that their position in terms of venue lacks merit. The Court invokes this presumption and therefore makes such a finding that the position of Sunbelt Rentals, Inc., and its counsel on all venue issues lacks merit.

[] The Court further finds that it would be manifestly unjust to permit Sunbelt Rentals, Inc., and its counsel to present the substance of that position to the Court.

[] The Court also finds that Sunbelt Rentals, Inc., and its counsel have systematically deprived Plaintiffs of relevant and discoverable information that would allow and assist Plaintiffs in proving that venue properly lies here in Jefferson County, Texas. This conduct by Sunbelt Rentals, Inc., and its counsel has significantly and substantially interfered with Plaintiffs' ability to meet their venue burden.

. . . .

[] The Court has considered the full range of sanctions available and hereby finds that the following sanctions are just and bear a direct relationship to Sunbelt Rentals, Inc., and its counsel's misconduct:

[] Certain facts shall be taken to be established for the purposes of this action in accordance with the claims of Plaintiffs. Specifically, it is hereby found and ordered that it is conclusively established that Sunbelt Rentals, Inc. had, at all times material, a principal office (as that term is defined by Tex. Civ. Prac. & Rem. Code § 15.001(a)) in Jefferson County, Texas.

[] The Court further strikes all pleadings of Sunbelt Rentals, Inc. challenging venue in Jefferson County, Texas. This includes any

9

denial of Plaintiffs' venue facts, Sunbelt Rentals, Inc.'s Motions to Transfer Venue, and all evidence submitted in connection therewith.

[] The Court further refuses to allow Sunbelt Rentals, Inc. to oppose Plaintiffs' claim that venue is proper in Jefferson County, Texas, and prohibits Sunbelt Rentals, Inc. from introducing matters pertaining to the venue challenge into evidence.

[] The Court has considered the full range of available sanctions, including those that might be less stringent. The Court has already sanctioned Sunbelt Rentals, Inc. and its counsel, testing lesser sanctions to secure compliance. Those lesser sanctions did not cure or change the conduct of Sunbelt Rentals, Inc. and its counsel. It is the Court's view and finding that the sanctions imposed here are necessary and just under the circumstances.

[] The Court is mindful that there is a hearing set for February 15, 2024, on Defendants' Motion to Transfer Venue. Based on the findings and rulings herein, that hearing is struck and the Court *sua sponte* denies Defendants' Motion to Transfer Venue. Specifically, the Court finds that Sunbelt Rentals, Inc. in [sic] not a natural person and has a principal office in Jefferson County, Texas. Venue is thus proper according to Tex. Civ. Prac. & Rem. Code § 15.002(a)(3).

Defendants filed Notices of Interlocutory Appeal of the January 31, 2024 Order.

Analysis

As a threshold matter, we must determine whether we have jurisdiction over this interlocutory appeal. Generally, a party may only appeal a final order or judgment. *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014). An interlocutory appeal from a non-final order or judgment is permitted only when authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). Generally, a trial court's venue ruling is interlocutory, and "[n]o

10

interlocutory appeal shall lie from [the trial court's venue] determination." *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a). Section 15.003, however, sets forth an exception to this general rule and permits an interlocutory appeal from certain venue rulings. *See id.* § 15.003(b); *see also Union Pac. R.R. Co. v. Stouffer*, 420 S.W.3d 233, 236 (Tex. App.—Dallas 2013, pet. dism'd); *Shamoun & Norman, LLP v. Yarto Int'l Grp., LP*, 398 S.W.3d 272, 285-87 (Tex. App.—Corpus Christi-Edinburg 2012, pet. dism'd). Section 15.003(a) states:

> In a suit in which there is more than one plaintiff, whether the plaintiffs are included by joinder, by intervention, because the lawsuit was begun by more than one plaintiff, or otherwise, each plaintiff must, independently of every other plaintiff, establish proper venue. If a plaintiff cannot independently establish proper venue, that plaintiff's part of the suit, including all of that plaintiff's claims and causes of action, must be transferred to a county of proper venue or dismissed, as is appropriate, unless that plaintiff, independently of every other plaintiff, establishes that:
>> (1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure;
>> (2) maintaining venue as to that plaintiff in the county of suit does not unfairly prejudice another party to the suit;
>> (3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending; and
>> (4) the county in which the suit is pending is a fair and convenient venue for that plaintiff and all persons against whom the suit is brought.

Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a). Subsection (b) of section 15.003 provides that "[a]n interlocutory appeal may be taken of a trial court's determination under Subsection (a) that: (1) a plaintiff did or did not independently establish proper

11

venue; or (2) a plaintiff that did not independently establish proper venue did or did not establish the items prescribed by Subsections (a)(1)-(4)." *Id.* § 15.003(b).

Appellees argue that section 15.003 is not a venue statute but instead it is an intervention or joinder statute, citing to *San Jacinto River Authority v. Guajardo*, No. 01-20-00662-CV, 2021 Tex. App. LEXIS 3616 (Tex. App.—Houston [1st Dist.] May 11, 2021, no pet.) (mem. op.), and *Basic Energy Services GP, LLC v. Gomez*, No. 04-10-00128-CV, 2010 Tex. App. LEXIS 9407 (Tex. App.—San Antonio Nov. 24, 2010, pet. denied) (mem. op.). Appellees assert that "there is a split of authorit[y] between the Courts of Appeal[.]" Appellees suggest that "the better rule is an interlocutory appeal is permitted only when intervention or joinder is *specifically* raised."

The First Court of Appeals in *Guajardo* cites to *American Home Products Corp. v. Clark*, 38 S.W.3d 92, 96 (Tex. 2000), and *Ramirez v. Collier, Shannon, Scott, PLLC*, 123 S.W.3d 43, 49 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (op. on reh'g) and determined that section 15.003 "allows an interlocutory appeal for one specific purpose: to contest the trial court's decision allowing or denying intervention or joinder." That said, the Legislature amended section 15.003 in 2003, effective September 1, 2003. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.03, 2003 Tex. Gen. Laws 847, 853, 898-99. *Clark* and *Ramirez* were filed prior to September 1, 2003, and the former statute applied. *See id.* (amendments apply only

12

to an action filed on or after September 1, 2003). In *Gomez*, the San Antonio Court of Appeals cited the language of the former version of section 15.003 in applying the statute and followed *Clark* and *Ramirez*. *See Gomez*, 2010 Tex. App. LEXIS 9407, at **5-6. Former Section 15.003(a) provided:

> In a suit where more than one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish proper venue. Any person who is unable to establish proper venue may not join or maintain venue for the suit as a plaintiff unless the person, independently of any other plaintiff, establishes that:
> (1) joinder or intervention in the suit is proper under the Texas Rules of Civil Procedure;
> (2) maintaining venue in the county of suit does not unfairly prejudice another party to the suit;
> (3) there is an essential need to have the person's claim tried in the county in which the suit is pending; and
> (4) the county in which the suit is pending is a fair and convenient venue for the person seeking to join or maintain venue for the suit and the persons against whom the suit is brought.

*See* Act of May 8, 1995, 74th Leg., R.S., ch. 138, § 1, 1995 Tex. Gen. Laws 978, 979. Former section 15.003's subsection (c)(1) required the court of appeals to "determine whether the joinder or intervention is proper[.]" *See id.* The current version of the statute now requires appellate review of "whether the trial court's order is proper[.]" *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(c)(1).

In the present case, Plaintiffs filed suit after June 1, 2003, and the current version, not the former version, of section 15.003 applies. This Court, applying the current version of section 15.003 in *Bayer Crop Science, LP v. Andy Timmons, Inc.*, No. 09-22-00204-CV, 2022 Tex. App. LEXIS 8464, at **7-8 (Tex. App.—

13

Beaumont Nov. 17, 2022, no pet.) (mem. op.), explained the current statute allows

for an interlocutory appeal as follows:

> . . . When the trial court rules on a motion to transfer venue in a case involving multiple plaintiffs and determines whether a plaintiff independently established proper venue, the defendant may challenge the trial court's order in an accelerated appeal even if every plaintiff relies upon the same theory of proper venue. [] *Stouffer*, 420 S.W.3d [at] 237 []; *see also Crown Cent. LLC v. Anderson*, 239 S.W.3d 385 (Tex. App.—Beaumont 2007, pet. denied) (considering merits of accelerated appeal under section 15.003 in a case where every plaintiff relied on the same theory of venue).

This Court also noted in *United Parcel Service, Inc. v. Norris*, 635 S.W.3d 242, 246

n.4 (Tex. App.—Beaumont 2021, no pet.), that section 15.003(b) provides an

exception to Texas Rule of Civil Procedure 87(6)'s general ban on interlocutory

appeals regarding venue and permits an interlocutory appeal from a venue

determination in suits involving multiple plaintiffs.[4] Once again, we conclude that

---

[4] *See also Estrada v. Legacy Home Health Agency, Inc.*, No. 04-23-01055-CV, 2025 Tex. App. LEXIS 2567, at **2-3 (Tex. App.—San Antonio Apr. 16, 2025, no pet. h.) (mem. op.) (section 15.003(b) provides that in a multi-plaintiff suit, appellate courts have interlocutory appellate jurisdiction to review a trial court's determination of whether each plaintiff has independently established proper venue); *Nhung Thi Nguyen v. Hoang Nguyen*, No. 07-24-00093-CV, 2024 Tex. App. LEXIS 8494, at **6-7 (Tex. App.—Amarillo Dec. 9, 2024, no pet.) (mem. op.) (same); *Ryan Marine Servs., Inc. v. Hoffman*, 668 S.W.3d 171, 179 (Tex. App.—Houston [1st Dist.] 2023, no pet.) (same); *UPS Ground Freight, Inc. v. Trotter*, 606 S.W.3d 781, 786 (Tex. App.—Tyler 2020, pet. denied) (same); *Galindo v. Garner*, No. 05-19-00061-CV, 2019 Tex. App. LEXIS 3864, at **6-7 (Tex. App.—Dallas May 14, 2019, (no pet.) (mem. op.) (same); *Jackson v. Jackson*, No. 02-15-00102-CV, 2016 Tex. App. LEXIS 10444, at *8 (Tex. App.—Fort Worth Sept. 22, 2016, pet. denied) (mem. op.) (same); *Thomas v. Hoelke*, No. 04-09-00771-CV, 2010 Tex. App. LEXIS 4501, at *4 (Tex. App.—San Antonio June 16, 2010, no pet.) (mem. op.) (same);

this Court has interlocutory appellate jurisdiction to review the trial court's venue determination in this suit which involves multiple plaintiffs.

<u>Was the trial court's order a "determination under Subsection 15.003(a) and (b)(1) that [Plaintiffs] did or did not independently establish proper venue?"</u>

Although the order being appealed here is titled "Order Granting Plaintiffs' Motion for Sanctions, to Hold Defendants in Contempt, and For Other Relief[,]" it is "[t]he character and function of an order" that should determine its classification and not its title. *See Chi. Bridge & Iron Co. (Del.) v. Delman*, No. 09-14-00468-CV, 2015 Tex. App. LEXIS 4077, at *6 (Tex. App.—Beaumont Apr. 23, 2015, no pet.) (mem. op.) (citing *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000)); *see also Cox v. Union Oil Co.*, 917 S.W.2d 524, 527-28 (Tex. App.— Beaumont 1996, no writ) (noting that "[o]ur Texas Supreme Court has historically rejected matter of form as controlling in favor of the function of the pleading or order as determinative as its classification[]") (citing *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992); *Brines v. McIlhaney*, 596 S.W.2d 519, 524 (Tex. 1980)); *Stouffer*, 420 S.W.3d at 236-39.

Here, the trial court in its order (1) "found and ordered that it is conclusively established" that Sunbelt had at all times material, a primary office (as defined by

---

*Sustainable Tex. Oyster Res. Mgmt. LLC v. Hannah Reef, Inc.*, 491 S.W.3d 96, 106 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (same); *Shamoun & Norman, LLP*, 398 S.W.3d at 285 (same).

section 15.001(a)) in Jefferson County; (2) struck all of Sunbelt's pleadings challenging venue in Jefferson County; (3) refused to allow Sunbelt to oppose Plaintiffs' claim that venue is proper in Jefferson County and prohibited Sunbelt from introducing evidence to challenge venue; (4) struck the hearing on Defendants' Motion to Transfer Venue set for February 15, 2024; (5) denied Defendants' Motion to Transfer Venue; and (6) found that venue is proper in Jefferson County according to section 15.002(a)(3). Accordingly, we conclude that the trial court's order is a "determination under Subsection [15.003](a) that [Plaintiffs] did or did not independently establish proper venue[.]" *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(b)(1). Because the trial court's order made a ruling that determined that each plaintiff has established venue, we conclude that we have jurisdiction to review that determination in this interlocutory appeal. *See id.* § 15.003(a), (b)(1).

Venue of Rule 202 Petition and Original Petition

Rule 202 of the Texas Rules of Civil Procedure permits a person to petition the trial court for an order to take a deposition to investigate a potential claim or suit. Tex. R. Civ. P. 202.1(b); *In re Velvin Oil Co.*, No. 01-17-00384-CV, 2018 Tex. App. LEXIS 3198, at *8 (Tex. App.—Houston [1st Dist.] May 8, 2018, orig. proceeding) (op. on reh'g) (Rule 202 mandamus proceeding). The petition must be verified and filed in the county where venue of the anticipated suit lies or where the witness resides, if suit is not anticipated. Tex. R. Civ. P. 202.2(a)-(b); *In re Velvin Oil Co.*,

16

2018 Tex. App. LEXIS 3198, at *8. In the Rule 202 Petition filed by Plaintiffs in this case, the plaintiffs alleged generally that "Pursuant to Tex. R. Civ. P. 202.1(b)(1) and (2), both jurisdiction and venue is proper herein." In their Original Petition they renewed their earlier allegation, and then also stated, "Jurisdiction is proper in this Court as no diversity of citizenship exists. Venue is proper in Jefferson County pursuant to Tex. Civ. Prac. & Rem. Code §15.002 (a)(1-4), §15.005, and §15.006."

Generally, a plaintiff chooses the venue of a suit, and the plaintiff's choice of venue cannot be disturbed if the suit is initially filed in a county of proper venue. *See Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260-61 (Tex. 1994); *KW Constr. v. Stephens & Sons Concrete Contractors, Inc.*, 165 S.W.3d 874, 879 (Tex. App.—Texarkana 2005, pet. denied). Once the defendant specifically challenges the plaintiff's choice of venue, the plaintiff has the burden to present prima facie proof that venue is proper in the county of suit. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding); *Wilson*, 886 S.W.2d at 260-61; *KW Constr.*, 165 S.W.3d at 879; *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 678 (Tex. App.—Austin 2003, no pet.); *see also* Tex. R. Civ. P. 87(2)(a), (3)(a). "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting each pleading." Tex. R. Civ. P. 87(3)(a). If the plaintiff proves venue facts that support venue, the trial court must

maintain the lawsuit in the county where the suit was filed unless the motion to transfer is based on an established ground of mandatory venue. *Id.* 87(3)(c). If the plaintiff fails to meet this burden, the trial court must transfer the lawsuit to another county of proper venue. Tex. Civ. Prac. & Rem. Code Ann. § 15.063(1). "The [trial] court shall determine the motion to transfer venue on the basis of the pleadings, any stipulations made by and between the parties and such affidavits and attachments as may be filed by the parties" in accordance with the applicable rules. Tex. R. Civ. P. 87.3(b).

It is undisputed that no mandatory venue provision governs this case. When there is no mandatory venue, then the general venue rule applies. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002. Under the general venue rule, a suit must be brought in one of the following counties: (1) in the county where all or a substantial part of the events giving rise to the claim occurred; (2) in the county of the defendant's residence when the cause of action accrued, if the defendant is a natural person; (3) in the county of the defendant's principal office in Texas, if the defendant is not a natural person; or (4) in the county where the plaintiff resided when the action accrued if none of the other provisions apply. *Id.* § 15.002(a). Because this case involves multiple plaintiffs, each plaintiff, independently of the other, must establish proper venue. *See id.* § 15.003(a).

In an interlocutory appeal from a trial court's ruling on venue, we "determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard[.]" *Id.* § 15.003(c)(1). If probative evidence supports venue in the county of suit, then we will affirm the trial court's ruling, otherwise we will reverse the ruling. *United Parcel Serv., Inc.*, 635 S.W.3d at 245 (citing *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex. 1993)).

In Plaintiffs' Original Petition, as well as subsequent amended petition, plaintiffs alleged that "[v]enue is proper in Jefferson County pursuant to Tex. Civ. Prac. & Rem. Code §15.002 (a)(1-4), §15.005, and §15.006." Plaintiffs also alleged that at the time of Gillespie's death she was a resident of Orange County. In Sunbelt's Motion to Transfer Venue, Sunbelt denied the venue facts pleaded in Plaintiffs' Original Petition and denied that any of the events or omissions giving rise to Plaintiffs' claims occurred in Jefferson County or that any Defendants' residence or principal office in this state is in Jefferson County. According to Sunbelt, under section 15.002(a)(1), (2), and (3), venue in this case is proper in Newton County (where the accident occurred and where Defendant Burge resided at the time of the accident) and York County, South Carolina (where Defendant Sunbelt has its principal office). Sunbelt argues that even if section 15.002(a)(1), (2), and (3) did not apply, venue would still be improper in Jefferson County because

19

Gillespie resided in Orange County. Sunbelt attached to its motion to transfer venue an affidavit from the custodian of records for the Texas Department of Transportation stating that the accident occurred in Newton County, as evidenced by the attached accident report. In Burge's Motion to Transfer Venue, he denied the venue facts pleaded in Plaintiffs' petition and denied that the events or omissions giving rise to Plaintiffs' claim occurred in Jefferson County or that any defendant had a residence or principal office in this state in Jefferson County.

Plaintiffs served Sunbelt with venue-related discovery and Sunbelt filed objections and responses to Plaintiffs' requests for venue-related interrogatories and requests for production. Plaintiffs filed a Motion to Compel and for Other Relief, asking the trial court to overrule Sunbelt's discovery objections and to require Sunbelt to respond to the discovery requests.[5] Plaintiffs' motion argued that they had pled multiple reasons that venue is proper in Jefferson County, including that under section 15.002(3) a suit may be brought "in the county of the defendant's principal office in this state, if the defendant is not a natural person[,]" and that a principal office "means a principal office of the corporation, unincorporated association, or

---

[5] We note that Appellees argued in the trial court that they needed more venue-related discovery from Sunbelt. The record before us shows that Appellee had an opportunity to depose Burge and Sunbelt's designated witness James Ezernack. Appellants allege in their appellate brief that Appellees canceled the scheduled venue-related deposition of Sunbelt's corporate representative Thomas Allen Smith, and the Appellants contend they have already provided "hundreds of pages of documents" in response to Appellees' subpoena duces tecum.

partnership in this state in which the decision makers for the organization within this state conduct the daily affairs of the organization[,] citing *In re Missouri Pacific Railroad, Co.*, 998 S.W.2d 212, 217 (Tex. 1999). According to Plaintiffs, the venue analysis in this case requires evidence of Sunbelt's "presence and activities in the county of suit compared with those around the remainder of the State." Sunbelt filed a response, arguing that the venue-related discovery requests sought information from 2018 to the present, and that because the only relevant time for determining proper venue is when the cause of action accrued, the requests are not reasonably limited in time. Sunbelt asserted that under subsections (1), (2), and (3) of Section 15.002(a), venue in this case is proper in Newton County (where the accident occurred and where Defendant Burge resided at the time of the accident) and York County, South Carolina (where Defendant Sunbelt has a principal office). In a supplement to its Motion to Transfer Venue, joined by Burge, Sunbelt pleaded the following:

> 4. Plaintiff[s] originally alleged venue is proper in Jefferson County based on the Venue General Rule, Multiple Defendants Rule and the facts exi[s]ting at the time of the accident. Plaintiff[s] ha[ve] alleged that venue is proper in Jefferson County based upon the principal-office requirement. As already discussed in the Motions to Transfer Venue and Reply in support of the motions, Plaintiff[s] failed to meet their burden to establish that Sunbelt has a principal office [] in Jefferson County. They cannot do so because Sunbelt does not maintain a principal office or principal place of business in Jefferson County and Sunbelt does not employ any decision makers in Jefferson County who conduct the daily affairs of the organization. [*See*] Tex. Civ. Prac. & Rem. Code [§] 15.001 (defining "principal office").

21

5. Pursuant to Rule 87(3)(a) of the Texas Rules of Civil Procedure, Defendant Sunbelt specifically denied that is has, or had at the time Plaintiff[s'] cause of action accrued, a principal office in Jefferson County, as alleged in Plaintiffs' Original Petition. See Original Petition, paragraph 2. Further, Defendant specifically den[ies] that venue is proper in Jefferson County under Texas Civil Practice and Remedies Code[] §15.002(a)(1 - 3) because none of the events or omissions that give rise to Plaintiff[s'] claims occurred in Jefferson County, Burge did not reside in Jefferson County and because Sunbelt does not have, and did not have at the time Plaintiff[s'] cause of action allegedly accrued, a principal office in Jefferson County, as is alleged in Plaintiffs' Original Petition. Therefore, the underlying claim has no connection with Jefferson County. Thus, Defendant also specifically denies that Jefferson County is a proper venue for both Defendants under Texas Civil Practice and Remedies Code 15.005, because Plaintiffs have not established Jefferson County as a proper venue in this lawsuit. See Original Petition, paragraph 2.

6. Under Texas Civil Practice and Remedies Code[] §15.002(a)(3) a lawsuit may be brought "in the county of the defendant's principal office in this state, if the defendant is not a natural person." "'Principal office' means a principal office of the corporation, unincorporated association, or partnership in this state in which the decision makers for the organization within this state conduct the daily affairs of the organization. The mere presence of an agency or representative does not establish a principal office." Tex. Civ. Prac.[&] R[em]. Code Ann. [§]15.001[](a). "[T]he term 'daily affairs' does not mean relatively common, low-level management decisions." [*Stouffer*, 420 S.W.3d [at] 240 [] (citing [*In re Mo. Pac. R.R. Co*.], 998 S.W.2d [at] 217). Further, "'decision makers' who 'conduct the daily affairs' are different kinds of officials than agents or representatives." [*Id.*] While agents and representatives "are officials who possess broad power and discretion to act for the corporation," decision makers "are officials of a different order." [*In re Mo. Pac. R.R. Co.*], 998[]S.W.2d [at] 217 [.] "[T]he 'decision makers' who 'conduct the daily affairs' of the company are officials who run the company day to day." [*Id.*] at 220; [*see also Ford Motor Co. v. Johnson*], 473 S.W.3d 925, 928-29 (Tex. App.—[Dallas] 2015, pet. denied) (adopting the [*Missouri Pacific*] test for a principal office).

Sunbelt specifically denied that Burge was dispatched from Jefferson County and denied that he was qualified and hired in Jefferson County, or wholly trained and supervised in Jefferson County. According to Sunbelt, Plaintiffs had alleged that venue was proper in Jefferson County based upon the "principal-office requirement[,]" but that Plaintiffs cannot meet their burden to establish that Sunbelt has a principal office in Jefferson County because "Sunbelt does not maintain a principal office or principal place of business in Jefferson County and Sunbelt does not employ any decision makers in Jefferson County who conduct the daily affairs of the organization." In support of this, Sunbelt attached the affidavit of Thomas Allen Smith, who averred as follows:

> "My name is Thomas Allen Smith. I am over 18 years of age, have never been convicted of a crime, and am competent to make this affidavit. The factual statements in this affidavit are based on personal knowledge and are true and correct."
>
> "I am the Sr. Manager, Auto Liability Claims and duly authorized representative of SUNBELT RENTALS, INC. ("Sunbelt"). I work in Sunbelt's corporate office, located at 1799 Innovation Pt., Fort Mill, South Carolina 29715. I am familiar with Sunbelt's facilities and operations in the State of Texas."
>
> "At all times relevant to the above-referenced lawsuit, including on September 26, 2022, Defendant, Daniel Burge was employed by Sunbelt."
>
> "Sunbelt is a South Carolina corporation, with its principal place of business and corporate headquarters located in Fort Mill, South Carolina.["]
>
> "On September 26, 2022, Sunbelt did not have a principal office located in Jefferson County, Texas."
>
> "Sunbelt does not presently have a principal office located in Jefferson County, Texas."
>
> . . .

"All of Sunbelt's corporate decision-making employees are located at the corporate headquarters office in South Carolina."

"Sunbelt has no corporate decision-making employees based in Jefferson County, Texas."

"Sunbelt's operations in Texas are conducted from[] branches, spread throughout the state. Each of these branches has a supervisor, managers, drivers, helpers, mechanics and dispatchers. Some sites also have maintenance employees. [Sic] of these sites is located in Jefferson County."

"The branch employees handle low-level management decisions, but otherwise report to regional management located in Katy, Texas and those company officials in Fort Mill, South Carolina, are the ones with the responsibility for oversight, overall daily direction, and decision making on behalf of the company, and for each of the Texas and other Sunbelt sites throughout the nation."

"A Branch Manager position at the Jefferson County locations is not a decision making role at Sunbelt. Rather, a Branch Manager at the Jefferson County locations would fall within low level management and would not have the capacity to make decisions for Sunbelt."

"Any and all training materials used in training Sunbelt employees are developed by employees in South Carolina. Although training of employees may be administered at various branches throughout the United States, the training material is developed in South Carolina. In addition, the various branches throughout the United States receive instructions from employees in South Carolina, regarding what training should be taught and implemented to various Sunbelt employees throughout the United States. No one in the State of Texas has the authority to develop training materials or instruct anyone as to the specific training that should be provided to any Sunbelt employee."

I have read and examined Defendants, SUNBELT RENTALS, INC.'s and DANIEL BURGE's Supplement to the Motion to Transfer Venue, and the factual statements contained in paragraphs 4 through 6 are true and correct and within my personal knowledge and the information available to me."

The venue provision upon which Plaintiffs rely in the instant case is set forth in section 15.002(a)(3) of the Texas Civil Practice and Remedies Code. This section

24

provides that a lawsuit may be brought "in the county of the defendant's principal office in this state, if the defendant is not a natural person[.]" Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(3). "Principal office" is defined as "a principal office of the corporation . . . in which the decision makers for the organization within this state conduct the daily affairs of the organization. The mere presence of an agency or representative does not establish a principal office." *Id.* § 15.001(a).

The Texas Supreme Court has concluded that the phrase "a principal office" means that a corporation may have more than one principal office in this state. *In re Mo. Pac. R.R. Co.*, 998 S.W.2d at 217. To establish venue based upon a principal office, plaintiffs must show: (1) the employees in the county where the lawsuit was filed are "decision makers" for the company (hereinafter "decision makers") and (2) the employees in the county where the lawsuit was filed have "substantially equal responsibility and authority" relative to other company officials within the state (hereinafter "substantial equity"). *Id.* at 217, 220. The Texas Supreme Court rejected the argument that a principal office is any place where company officials make decisions about the company's business because "[s]uch a broad definition would include agencies and representatives, which the statute expressly rejects." *Id.* at 217. Rather, "decision makers" who "conduct the daily affairs" are different kinds of officials than agents or representatives. *Id.* And the term "daily affairs" does not mean relatively common, low-level management decisions. *Id.*

25

Here, Plaintiffs chose to file their suit in Jefferson County, and they alleged it was a proper venue in their Original Petition citing the general venue statute even though they knew the accident occurred in Newton County and that the decedent did not reside in Jefferson County. The Defendants specifically challenged Plaintiffs' choice of venue. Plaintiffs had the burden to present prima facie proof that venue is proper in Jefferson County where the suit was filed. *See In re Masonite Corp.*, 997 S.W.2d at 197; *Wilson*, 886 S.W.2d at 260-61; *KW Constr.*, 165 S.W.3d at 879; *see also* Tex. R. Civ. P. 87(2)(a), (3)(a). Plaintiffs produced no evidence that Sunbelt had a principal place of business in Jefferson County, or that the driver and co-defendant resided in Jefferson County. The Defendants expressly denied that venue is proper in Jefferson County and provided probative evidence that Sunbelt did not have a principal place of business in Jefferson County -- Thomas Allen Smith's affidavit. Plaintiffs had the obligation to show prima facie proof through affidavit or attachments to an affidavit that Jefferson County is a principal office for Sunbelt. *See* Tex. R. Civ. P. 87(3)(a).

Once the defendant challenges venue, the plaintiff must offer prima facie proof that venue is proper in the county of suit. *In re Masonite Corp.*, 997 S.W.2d at 197; *Wilson*, 886 S.W.2d at 260-61; *KW Constr.*, 165 S.W.3d at 879; *Chiriboga*, 96 S.W.3d at 678; *see also* Tex. R. Civ. P. 87(2)(a), (3)(a). A plaintiff satisfies this burden by properly pleading the venue facts and supporting them with an affidavit

26

and "duly proved attachments" that fully and specifically set forth the facts supporting such pleading. *Ford Motor Co.*, 473 S.W.3d at 928 (quoting Tex. R. Civ. P. 87(3)(a)). When "the plaintiff fails to discharge its burden, the right to choose a proper venue passes to the defendant, who must then prove that venue is proper in the defendant's chosen county." *Id.*

In the trial court, Defendants pleaded venue facts—which were not specifically denied by Plaintiffs—and the Defendants established that venue is proper in Newton County, and the record supports that conclusion because under section 15.002(a)(1) and (2), venue in this case is proper in Newton County (where the accident occurred and where Defendant Burge resided at the time of the accident). Burge asserted that Newton County was a proper venue because it is where the accident occurred and where he resided at the time of the accident. Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code provides that venue for an action is proper in the county in which "all or a substantial part of the events or omissions giving rise to the claim occurred." Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1). Section 15.002(a)(2) provides that venue for an action is proper in the county of "defendant's residence at the time the cause of action accrued if defendant is a natural person[.]" *Id.* § 15.002(a)(2).

Under the general venue provisions, the undisputed facts show that venue is proper in Newton County as to Burge. Because venue is proper in Newton County

as to Burge, it is also proper as to Sunbelt. Section 15.005 provides that where there are multiple defendants, and venue is proper as to at least one defendant, venue is then proper as to all defendants in all claims arising out of the same transaction, occurrence, or series of transactions or occurrences. *See id.* § 15.005. We therefore sustain issue one. We need not address issues two and three.

We reverse the trial court's order and remand the case for the trial court to enter an order transferring the case to Newton County.

REVERSED AND REMANDED.


LEANNE JOHNSON
Justice

Submitted on September 25, 2024
Opinion Delivered May 29, 2025

Before Golemon, C.J., Johnson and Wright, JJ.